## W. F. CONNOR v. BELLE HAWKINS.

(Case No. 1846.)

1. PRACTICE — EXEMPTION — THIRD PARTIES. — A daughter claimed a piano levied on as the property of her father to satisfy an execution against him, and filed her bond and affidavit under the statute for trial of right of property. When levied on, the piano was held by a railroad company as the property of the father. An issue was made up, the claimant asserting that the property was her own; six months after she filed a plea setting up that the piano, if the property of her father, was exempt, being part of his household furniture. *Held:*

   (1) That this last plea was no plea in abatement, since it went to the merits of the action; and if a plea in abatement, it was not filed in due order, since it came after an issue had been made up between the parties.

   (2) That the plea alleged no fact pertinent to the issue of title and should have been disallowed. Not having been in possession of the property at the time it was seized, by claiming that the title was in her father, claimant put herself in the position of a third party setting up an exemption which the defendant in execution did not assert.

APPEAL from Morris. Tried below before the Hon. B. T. Estes. The opinion states the case.

*J. M. Moore*, for appellant.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— An execution in favor of W. F. Connor and against E. R. Hawkins and another was levied on a piano in the possession of the Missouri Pacific Railway Company, as the property of E. R. Hawkins. The appellee claimed the piano, and filed her affidavit and bond under the statute for trial of the right of property. An issue was afterwards made up between the claimant and the appellant, for whose use the execution had been issued, the plaintiff alleging that the piano was subject to the execution, and the claimant asserting that it was not so subject, but her property, bought with her own means. More than six months after the parties were thus at issue, the appellee filed, what is termed in the judgment below, a plea in abatement, in which she set up that the piano, if the property of E. R. Hawkins, her father, was part of his household furniture, and not subject to execution. The cause was heard by the judge on this plea, which was sustained by him, and the suit ordered to abate and be dismissed at the costs of the appellant. From this judgment and ruling of the court the present appeal is taken. To call the plea in this case a plea in abatement seems a misnomer. Pleas in abatement are intended to defeat the particular suit for having been improperly brought in some respect, which does not go to the merits of the action. But this plea, if established in favor of a person authorized to plead it, was a full bar to the plaintiff's case, and set at rest all right to subject the property in controversy to execution for the debts of E. R. Hawkins. If a plea in abatement, it was not filed in due order of pleading and came too late after an issue, as to the ownership of the piano, had been made between the plaintiff and the claimant. But, if this objection was waived by a failure to except to the order of filing, the plea should not have prevailed, because it did not set up facts of which the claimant could avail herself under the circumstances of the case. She was not in possession of the piano when it was seized as the property of her father. She claimed it and undertook the burden of proving that it was hers and not her father's. To sustain her side of such an issue she calls in aid the fact that, if the piano was the property of her father, it was exempt from execution.

For the purposes of such a plea, and to entitle it to consideration, she must admit that the title to the piano is in E. R. Hawkins. She is then in the position of a third party without title to property,

seized under execution against another, and not having possession of it, who intervenes for the purpose of defeating the plaintiff in execution by setting up an exemption which the defendant does not assert. A stranger to the proceeding between the debtor and creditor would certainly have no right, under such circumstances, to interfere between the parties to the execution upon any such grounds, and in this respect the child of the party for whom the exemption is claimed would be in no better position for that purpose than a mere stranger. The head of the family may dispose of the exempt furniture without consulting his children when they have no title to it in themselves. It follows that he may allow it to be sold under execution without any interference on their part. The claimant can try her title to the property in this suit if she chooses; and if E. R. Hawkins wishes to claim the exemption he can do so in an appropriate proceeding. The plea alleged no fact pertinent to the issue of title between the plaintiff and the claimant, and should have been disallowed. For the error of the court in sustaining it, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 27, 1885.]