No. 5739.

## W. C. HOWARD *v.* J. H. BRITTON & CO.

1. SECONDARY EVIDENCE.—Where there is no contention as to the contents of a written lease it is competent to prove by parol its existence and its transfer without accounting for its non-production.

2. SAME.—Nor would the admission of a certified copy of such lease, without accounting for the original, be material error, the terms of the instrument not being in issue.

3. ASSIGNMENT OF A LEASE.—In an action for the consideration for an assignment of a lease for a term of years an eviction by the landlord for non-payment of rent would in no way operate as a defense.    It is not a recovery under a title different and paramount from that held by the tenant.

4. PLEA IN ABATEMENT—PRACTICE.—A plea in abatement was filed after plea to the merits—attention of the court was not called to it until after the testimony to the merits had closed, when a charge was asked upon the plea, *held* that it will be considered that the plea was waived.

APPEAL from Dallas.    Tried below before the Hon. George N. Aldridge.

*Philip Lindsay,* for appellant:  The secondary evidence was improperly admitted.  Revised Statutes, article 2464, subdivision section 4; Revised Statutes, article 2257; Sims v. Chance, 7 Texas, 561; Dikes v. Miller, 24 Texas, 422; Robertson v. Moore,

25 Texas, 436; Gamage v. Trawick, 19 Texas, 58; Wooten v. Dunlap, 20 Texas, 184; Baily v. Trammell, 27 Texas, 326.

The eviction proceedings was a defense. Taylor on Landlord and Tenant, section 489; 2 Green. Cruse. R. Prop., 90.

The charge upon the plea in abatement should have been given. Adair v. Adair, 30 Georgia, 102; Powell v. Haley, 28 Texas, 55; Barkley v. Tarrant County, 53 Texas, 251; John-son v. Granger, 51 Texas, 42.

*Crawford & Crawford*, for appellee, cited Smith v. Chenault, 48 Texas, 460; Peck v. Hensley, 20 Texas, 673; Schilling v. Holmes, 23 California, 227; Coleman v. First National Bank of Elmira, 53 New York, 393; Weston v. McMillan, 42 Wisconsin, 567; Abbott's Trial Evidence, 205; 1 Wharton on Evidence, sec-tion 77.

MALTBIE, JUDGE. This suit was brought in the district court of Dallas county by J. H. Britton, J. T. Long and W. E. Ken-nedy, as partners, under the firm name and style of J. H. Brit-ton & Co., against the appellant, W. C. Howard, to recover two thousand eight hundred and fifty-seven dollars and sixty-four cents, on account of an alleged breach of a written contract, dated July 25, 1881, executed by W. C. Howard and J. H. Brit-ton. It is claimed by the appellees that Britton acted in behalf of the firm in executing this contract. The controversy grew out of a lease on the Grand Windsor hotel, in Dallas, executed by W. E. Hughes in writing, for a period of five years, to one W. H. Whitla, who died in the early part of the year 1881, intestate. After the death of Whitla, in the month of March, 1881, J. H. Britton & Co. purchased of Mrs. Whitla her interest in the lease, and paid a part of the purchase money, withhold-ing two thousand eight hundred and fifty-seven dollars and sixty-four cents until a valid title to the lease could be obtained from the estate of W. H. Whitla.

Some time during the year 1886, Britton acquired the title of the Whitla estate in the lease by purchase at administrator's sale, which was duly confirmed. Prior to this, about the twen-ty-fifth day of July, in 1881, J. H. Britton & Company, under their contract with W. C. Howard, delivered him the lease from W. E. Hughes, the owner of the property, to W. H. Whitla. Howard entered at once into possession and paid the rents to W. E. Hughes according to the terms of the Whitla lease,

until the twentieth of August, 1884, when he entered into a new contract in writing, with Hughes, by which Hughes reduced the rents from five hundred dollars, to two hundred and fifty dollars per month, during the time that a part of the property should be undergoing repairs. Before this Hughes had given appellant his written promise to recognize him as the lawful successor to W. H. Whitla, provided he should pay the rents as prescribed in the Whitla lease. Howard, in his contract with J. H. Britton & Company, undertook and promised to pay this sum to Mrs. Whitla, but she declined to take Howard for the debt due her from J. H. Britton & Company, and they paid the same to her as they had obligated themselves to do; and the object of this suit is to recover that amount of Howard.

During the progress of the trial a witness for plaintiff testified that the lease from Hughes to Whitla was in writing; thereupon defendant moved to exclude from the jury all parol evidence of the lease, and of its assignment, and all evidence tending to show that he had attorned under it to W. E. Hughes; a similar motion was made when plaintiffs announced that they had closed their testimony. The grounds insisted upon for the exclusion, is, that the evidence is incompetent; and that the contract sued on stipulates that before the debt shall become due, defendant is to have a valid lease to all that part of the hotel leased by W. E. Hughes to W. H. Whitla upon similar terms to those set forth in the lease, and for its unexpired term.

There is no principle of law better established than that parol evidence is inadmissible to prove the contents of a written instrument, and if the stipulations, or terms of the lease had been in controversy the objection should have been sustained. But the terms of the lease were not necessarily in issue; and it may be shown by parol that a writing exists, one has been transferred without producing the writing itself, or without accounting for its nonproduction; the object being to prove these facts, and not the contents of the writing. It is provided by the contract, that the indebtedness from Britton to Mrs. Whitla, which was conditionally assumed by defendant, and for which this suit is prosecuted, shall not become due until Britton shall obtain a good and valid lease to that part of the hotel leased by Hughes to Whitla from parties competent to make the same, upon similar terms and conditions, as set forth

in the lease from Hughes to Whitla, and for the unexpired term of that lease. The plaintiffs having proved that they ac-quired W. H. Whitla's title to the lease, and delivered that ·identical lease to the defendant, and that he accepted it with-out protest or complaint as far as shown; and entered into the immediate possession of the property, and continued to hold and use the same for a period of three and a half years, pay-ing rents to Hughes under the lease, this must be held prima facie as a substantial compliance with the contract. The as-signment of the term was lawful even without the consent of Hughes; though Hughes assented to it in writing, and after-wards received the rents for a period of three years, thus ratify-ing the transfer from Whitla's estate to defendant, through Brit-ton & Company. There is no pretense that this lease was in-valid in either form or substance. It follows that there was no error in refusing to exclude the testimony from the jury. If there was error in permitting plaintiffs to read in evidence a certified copy of the lease without complying with the law gov-erning the admission of secondary evidence, the terms of the lease not being in controversy, the supposed error becomes im-material.

Nor do we think there was error of which appellant can complain in that portion of the charge of the court to the effect, that if Hughes accepted defendant as his tenant, and afterwards ejected him on account of a failure to pay rent, or for a violation of his contract with Hughes, you will not allow defendant anything for being ejected from the hotel. The only evidence offered in any manner tending to show the invalidity of the lease, was the sequestration proceeding in a suit then pending in the district court of Dallas county, of W. E. Hughes against the defendant W. C. Howard. Under the facts herein-before referred to, the plaintiffs would be entitled to recover, and to defeat their suit it was incumbent on the defendant to show that he had been evicted by a paramount title, or that the title under which he held from plaintiffs had failed. (Tay-lor on Landlord and Tenant, sec. 378; Peck v. Hensley, 20 Texas, 673.)

The fact that Hughes had sequestrated the property would not even tend to show that the lease under which defendant held was invalid. To obtain the writ it was only necessary to make and file the statutory affidavit and bond with the proper officer.

Complaint is also made that the court erred in refusing the first charge asked by defendant in reference to the misjoinder of the parties plaintiff, he having pleaded the misjoinder in abatement of the action. The plea was filed after the general denial, and was not in the due order of pleading. Rule twenty-four of the district court is as follows: "All dilatory pleas and all motions and exceptions relating to a suit pending, which do not go to the merits of a case, shall be tried the first term at which the attention of the court shall be called to the same, unless passed by agreement of the parties with the consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried." The defendant does not appear to have called the attention of the court to his plea in abatement until the trial on the merits had been finished, except as to charging the jury; and we are of opinion that defendant having failed to call the attention of the court to the plea at the proper time must be held to have waived his right to insist upon it, and for this reason the charge was properly refused. We are also of opinion that the testimony offered by defendant in support of his plea was insufficient to have authorized a verdict in his favor on this issue had it been submitted to the jury. The appellant next seeks to reverse the judgment because the court refused to charge the jury upon request that the burden was upon the plaintiffs to show that they complied with their written obligation to make defendant a valid lease of the right to possession of the premises to the fifteenth day of June of the year 1885. There can be no doubt of the correctness of the proposition embraced in the charge requested, but it does not follow that the failure to so instruct the jury is reversible error. The legal evidence adduced fully authorized the finding in favor of the plaintiff, and we can not see how a charge on the burden of proof would have in any way enlightened the jury as to the issues before them in this case, which is the only purpose of a charge. There are other errors assigned, but the points raised have already been considered, and believing that there is no error in the record prejudicial to rights of appellant, we are of opinion that the judgment ought to be affirmed.

*Affirmed.*

Opinion adopted May 29, 1888.

STAYTON,
*Chief Justice.*