THE GULF, COLORADO & SANTA FE RAILWAY COMPANY v. THE GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY, AND THE NEW YORK, TEXAS & MEXICAN RAILWAY COMPANY.

No. 3075.

**1. Necessary Expenses, etc.** — Three railway companies at an intersection of their roads had a common yard, employing a common yardmaster, switchmen, and brakemen. Each company had its sidetracks which were under its exclusive control. When switchmen and brakemen worked upon the sidetrack of one they were under its exclusive control. The contract further stipulated, that each company should pay one-third of the wages of the employes and one-third of the necessary expenses incident to their work. An employe was injured and recovered damages against two of the companies. The third company was not sued. The judgment was paid, each defendant paying one-half. In action by appellant (one of such companies) against its codefendant in the damage suit and against the company not sued for damages, for indemnity against the former and contribution against the latter, *held:*

1. The agreement can not be reasonably construed to embrace such extraordinary expenses as damages recovered by an. employe for injuries resulting from the negligence of one of the companies.

2. Such damages can not be said to constitute an expense necessary or fairly incident to the work. They are too remote and unexpected to be considered as coming within the contract.

3. The company not sued would in no way be affected by the proceedings against the two other companies against whom the injured employe recovered judgment.

**2. Contribution Among Wrongdoers.** — There are cases where, although the wrongdoers in contemplation of law may all be liable to the party seeking redress, yet as between themselves some may be blameless. It is on this principle that their equity to require the others to respond is complete. But such equity resulting from a wrong is not recognized in favor of one concerned in committing it.

**3. Practice in District Court.**—After answer to the merits a plea of misjoinder of parties defendant was urged. The plaintiff moved to strike it from the record as not filed in due order of pleading. The court refused the motion to strike it out, but overruled the plea. *Held*, that there was nothing in the mode by which the court thus reached a result practically the same which could be complained of.

4. **Indemnity.**—Two railway companies discharged a judgment against themselves for injuries to a common employe. One seeking indemnity from the other would be compelled to show that the injury was caused by the exclusive negligence of the defendant sued for such indemnity. See facts showing a joint liability, thus destroying any idea of indemnity from one to the other.

5. **Parties to Judgment, When Not Bound.**—Parties to a judgment are not bound by it in a subsequent suit between themselves unless they were adversary parties in the original action. See example.

APPEAL from Fort Bend. Tried below before Hon. W. H. BURK-HART.

The opinion states the case.

*J. W. Terry,* for appellant.—1. Under the facts alleged in the plaintiff's petition, each party agreed to pay one-third of the charges, expenses, and liabilities incurred in the performance of the joint work. Plaintiff having paid more than its one-third, is entitled to contribution from the New York, Texas & Mexican Railway Company. The fact that plaintiff might also have been entitled to full indemnity from the Galveston, Harrisburg & San Antonio Railway Company, owing to the fact that the liability was incurred by the negligence of that company only, would not deprive it of its right of contribution from the New York, Texas & Mexican Railway Company; as nothing less than actual satisfaction from the Galveston, Harrisburg & San Antonio Railway Company would extinguish plaintiff's demand against the New York, Texas & Mexican Railway Company. Railway v. Dorsey, 66 Texas, 148; Railway v. Hathaway, 75 Texas, 557, 558; Cool. on Torts, 144, et seq.; Pollock on Torts, *171; Brown v. Cambridge, 3 Allen, 474; Lowell v. Railway, 23 Pick., 24; Gray v. Gas Light Co., 114 Mass., 149; Churchill v. Holt, 127 Mass., 165; Nickerson v. Wheeler, 118 Mass., 295; Armstrong County v. Clarion County, 66 Pa. St., 218; Gridley v. Bloomington, 68 Ill., 47; Pearson v. Skelton, 1 M. & W., 504; Willie v. Batt, 2 C. & P., 417; Chicago v. Robbins, 2 Black, 418; Bailey v. Bussing, 28 Conn., 455; Robbins v. Chicago, 4 Wall., 657; 4 Am. and Eng. Encyc. of Law, 14.

The rule is the same as in case of contract indemnity: Illies v. Fitzgerald, 11 Texas, 417.

2. Dilatory pleas or exceptions, which if sustained would only defeat the present action and would not affect the cause of action, must be filed before the answer to the merits. By answering to the merits, all such dilatory pleas or exceptions are waived. Sloo v. Powell, Dallam, 467; Coles v. Kelsey, 2 Texas, 542; Drake v. Brander, 8 Texas, 351; Taylor v. Hall, 20 Texas, 211; Ferguson v. Wood, 23 Texas, 177; Hart v. Kanady, 33 Texas, 720; Mims v. Mitchell, 1 Texas, 443; O'Connor v. Towns, 1 Texas, 107; Compton v. Stage Co., 25 Texas Sup., 67; Ryan v. Jackson, 11 Texas, 391; Rev. Stats., art. 1262.

3.  "The parties to a judgment are not bound by it in a subsequent controversy with each other unless they were adversary parties in the original action.   If A recovers a verdict against C and B upon a contract or tort, which judgment is paid by B, the liability of C to B in a subsequent action for contribution or indemnity is still an open question, because as to it no issue was made or tried in the former suit; and as between the several defendants therein, a joint judgment establishes nothing but their joint liability to the plaintiff.   Which of the defendants should pay the entire amount, or what proportion each should pay, in case each is partly liable, is still unadjudicated."   (Quoted from Freeman, with slight changes.)   Freem. on Judg., sec. 115; Bailey v. Bussing, 28 Conn., 453; Graham v. Railway, 3 Wall., 704; Walters v. Wood, 61 Iowa, 290; Duncan v. Holcomb, 26 Ind., 378; Cox. v. Hill, 3 Ohio St., 412; McCroy v. Parks, 18 Ohio St., 1; Admr. of Cox v. Hill, 3 Hamm., 412; Buffington v. Cooke, 35 Ala., 312; Wilson v. Mower, 5 Mass., 407; Teal v. Terrell, 48 Texas, 491; Horton v. Hamilton, 20 Texas, 606; Cook v. Burnley, 45 Texas, 98; Oldham v. McIver, 49 Texas, 556; Bertrand v. Bingham, 13 Texas, 266; Philipowski v. Spencer, 63 Texas, 604.

4.   The Galveston, Harrisburg & San Antonio Railway Company having been a party to the suit by Dorsey, and thereby having notice of such suit, is concluded by the verdict and judgment in that case as to the amount of damages due Dorsey; and in a suit by the appellant to recover a part of such damages paid by it, such verdict and judgment is conclusive of the issue that appellant has paid to Dorsey no more than he was entitled to receive; and hence, in this suit for indemnity against the Galveston, Harrisburg & San Antonio Railway Company, such verdict and judgment is conclusive as to the amount which the appellant is entitled to recover.   Robbins v. Chicago, 4 Wall., 657; Lowell v. Railway, 23 Pick., 24; Gray v. Gas Light Co., 114 Mass., 149; Portland v. Richardson, 54 Me., 46; Brooklyn v. Railway, 47 N. Y., 475; Inhabitants of W. v. Mayo, 122 Mass., 100; Armstrong County v. Clarion County, 66 Pa. St., 218; Illies v. Fitzgerald, 11 Texas, 417.

*Peareson & Ballowe,* for appellee the Galveston, Harrisburg & San Antonio Railway Company.—1.  The plea of misjoinder of causes of action in this case was not strictly a dilatory plea, but was a special exception to the sufficiency of the petition, and as such did not come too late after answer to the merits and was not waived by continuance by consent.   Rules for District Court, 12, 16, 24; Sayles' Plead., secs. 79, 108; Roberts on Plead., bottom p. 17.

2.   The judgment below and the conclusions of fact found by the court are supported by the evidence.   The allegations of plaintiff's petition are not supported by the evidence, but the evidence shows

that plaintiff itself was guilty of the negligence toward Dorsey which caused his injury; and that being so, even though appellee was also party to the negligence, appellant (plaintiff below) could not recover of appellee more than contribution, which plaintiff admits it has already received, and therefore the judgment of the court below is correct. Railway v. White, 76 Texas, 103; Railway v. Farmer, 73 Texas, 85; Markham v. Direct Nav. Co., 73 Texas, 247; 1 Pars. on Con., secs. 14, 28, 31, 32; 2 Suth. on Dam., 591, 592, 595, 609; Jacobs v. Pollard, 10 Cush., 287.

3. The question of negligence as between appellant and Dorsey was decided in the suit by Dorsey against the two companies. By the judgment in that suit it was decided that both appellant and this appellee were guilty of the negligence toward Dorsey which caused his injury, and for which he recovered damages against both jointly in that judgment, and without which finding the judgment could not have been rendered; and both companies being guilty of negligence, neither could recover from the other more than contribution, which plaintiff admits this appellee has already given and paid. There is no such principle as comparative negligence in our system. The judgment and the conclusions of law and fact of the court below are therefore correct. Nichols v. Dibrell, 61 Texas, 541; Cromwell v. Sac County, 94 U. S., 351; Freem. on Judg., secs. 249, 256, 257; Harmon v. Auditor of Public Accounts, 123 Ill., 122; Bell v. Merrifield, 109 N. Y., 202; Beach Con. Neg., secs. 25, 27; Markham v. Direct Nav. Co., 73 Texas, 247.

4. Ordinarily between tort-feasors there is no contribution, but it is allowed when the wrong was not intentional, except when plaintiff knew or ought to have known that the act was negligent or that injury would result. And in this case the Gulf, Colorado & Santa Fe Company, acting through its yardmaster McGee, was bound to know that it was negligence to put Dorsey to work with dangerous appliances, as it did. 2 Suth. on Dam., 591, 592, 595, 609; 1 Pars. on Con., secs. 14, 28, 31, 32; Jacobs v. Pollard, 57 Am. Dec., 105; Same Case, 10 Cush., 287; Beach Con. Neg., secs. 25, 27; Markham v. Direct Nav. Co., 73 Texas, 247.

*Glass, Callender & Proctor*, for New York, Texas & Mexican Railway Company.—If the allegations of plaintiff's petition are to be understood as alleging that three companies were joint employers of Dorsey, and that he was injured while under that joint employment, but was injured solely by reason of the fault and negligence of the Sunset Company, to-wit, that he was injured while doing work over which said company had exclusive control, and was injured by reason of the dangerous condition of the track of that company and the dangerous coupling apparatus attached to the cars of that company which he was required to couple—the said track and cars being the exclusive property

of said Sunset Company and under its exclusive control at the time—
then the petition states a case which shows that, as between the three
companies, the Sunset Company must bear the whole burden of the
damages recovered; and if the plaintiff has paid any part of them, its
remedy is against the Sunset Company, and it can have no cause of
action against the New York, Texas & Mexican Company for con-
tribution, unless the Sunset Company has become insolvent, and judg-
ment against that company would be unavailing; but plaintiff's petition
contains no allegation of any such insolvency.  Railway v. Hathaway,
75 Texas, 557; 5 Am. and Eng. Encyc. of Law, pp. 13, 14, note; Brown
v. Cambridge, 3 Allen, 474; Lowell v. Railway, 23 Pick., 23; Gray v.
Gas Light Co., 114 Mass.; Churchill v. Holt, 127 Mass., 165.

HOBBY, PRESIDING JUDGE, *Section A.*—November 29, 1882, one Dor-
sey was injured while in the joint employment of the parties to this suit,
at their "union yard," in Rosenberg, Texas, while engaged in coupling
cars.   He instituted suit against the appellant and the Galveston, Har-
risburg & San Antonio Railway Company, and recovered a joint judg-
ment against them for $15,000, which was affirmed by the Supreme
Court (66 Texas, 148), and was satisfied by each of the last mentioned
companies paying one-half thereof, in June, 1886.   The present suit
was brought on February 2, 1887, by the appellant against the appel-
lees to recover, first, from the Galveston, Harrisburg & San Antonio
Railway Company the amount paid by appellant as indemnity, and
against the New York, Texas & Mexican Railway Company for one-
third of the amount so paid by appellant, by way of contribution.

The court sustained a general demurrer to the petition in so far as a
recovery was sought against the New York, Texas & Mexican Railway
Company, and dismissed the suit as to that road; and upon a trial of
the cause on the merits as to appellant and the Galveston, Harrisburg
& San Antonio Railway Company, found in favor of the latter company.
The judgment of the court on the demurrer and in favor of the Galves-
ton, Harrisburg & San Antonio Railway Company is appealed from;
and the action of the court in sustaining the demurrer, and its conclu-
sion that the Galveston, Harrisburg & San Antonio Railway Company
was not liable under the facts, which resulted in a judgment against
the appellant, is assigned as error.

The grounds on which a recovery was sought against the New York,
Texas & Mexican Railway Company are set forth in the petition, which
charges, in substance:   That in November, 1882, and prior thereto, the
appellant and appellees employed at Rosenberg a yardmaster, fireman,
engineer, and switchmen and brakemen, whose duty it was to perform
the work of the three companies in the yard at Rosenberg; that each
company had its separate sidetracks, switches, and yards, and their
tracks were connected together by sidetracks; that the men were em-

ployed under a contract between the three companies, by the terms of which each company was to pay one-third of the wages of the men, and while doing the work of each particular company the said men were under the orders and supervision only of such particular company, and under the terms of the contract each company agreed to pay one-third of all other expenses necessary and incident to the doing of such work; but that each company reserved to itself exclusive control over its own tracks, switches, and sidetracks, of the construction and repair of the same, and of its own cars, both in the original selection of the same and the keeping of them in repair, and in all other respects; that while said men were doing the work of either of the defendants, plaintiff had no control over them or their work; that on or about the 29th day of November, 1882, A. S. Dorsey, who was employed as brakeman or switchman under the terms and stipulations of said contract, while engaged in doing the work of the defendant, the Galveston, Harrisburg & San Antonio Railway Company, which consisted of the coupling of cars on a side track, which was the exclusive property of the Galveston, Harrisburg & San Antonio Railway Company, the said Dorsey being at the time under the control, management, and direction of the Galveston, Harrisburg & San Antonio Railway Company, was injured by the negligence of the said Galveston, Harrisburg & San Antonio Railway Company, without any contributory negligence on his own part, etc.

It was also alleged, that the judgment recovered by Dorsey against the appellant and the Galveston, Harrisburg & San Antonio Railway Company was paid by the former on June 25, 1886.

It was averred that a promise was implied by law from the Galveston, Harrisburg & San Antonio Railway Company, in case of injury to said Dorsey in the manner alleged, to indemnify appellant from any loss therefrom; and a similar promise was implied from the New York, Texas & Mexican Railway Company to pay one-third of any sum appellant might be required to pay for injury to said Dorsey while in said service, occurring without fault on the part of appellant.

We have carefully considered the allegations that under the joint employment by the companies of Dorsey there was a contract or agreement between them, by the terms of which each company was bound to pay one-third of the wages of their employes and one-third of the necessary expenses incident to their work; and that therefore they were each bound to pay one-third of the amount recovered by Dorsey as damages for the injuries received by him while so employed. But we do not think that this contract or agreement can be reasonably construed to embrace such extraordinary expenses as damages recovered by an employe for injuries resulting from the negligence of one of the companies. Such damages can not be said to constitute an expense "necessary" or fairly "incident to the work." They are too remote

and unexpected to be regarded as within the contemplation of the parties or as coming within the contract. 2 Suth. on Dam., 591.

The appellant claims that the question of the liability of the New York, Texas & Mexican Railway Company was decided in the case of Dorsey against the appellant and the Galveston, Harrisburg & San Antonio Railway Company, one of the appellees in this suit. 66 Texas, 152. If such was the decision in that case, it would seem that upon the plainest principles of the law, with respect to the conclusiveness of judgments, it could not affect the New York, Texas & Mexican Railway Company in this suit, because it was not a party to that action. It is not perceived by us on what principle the record in that case can be properly invoked by the appellant in support of its claim to contribution or indemnity in this suit; because it was there held, that "the appellant (the Gulf, Colorado & Santa Fe Railway Company) is the last of the three masters that could escape liability. It hired the plaintiff (Dorsey); its yardmaster directed his labors. Betwixt it and him the relation of master and servant was created by express contract." Id.

The rule is far from being universally true that there can be no contribution between wrongdoers. It prevails in that class of cases denominated as intentional torts or wrongs. But there are cases where although the wrongdoers in contemplation of law may all be liable to the party seeking redress, yet as between themselves some of them may be blameless. It is on this principle that their equity to require the others to respond is complete. But such equity resulting from a wrong is not recognized in favor of one concerned in committing it. Cool. on Torts, 144, 145. Hence the Dorsey case can not be relied on to support appellant's claim for contribution, for the reason that the language of the opinion is wholly at variance with the idea that any such right exists. Adopting, however, the theory that Dorsey was the servant of all of the companies, and that each was responsible for the negligence of the other, it is then manifest from the allegations of the petition in this suit that his injuries were inflicted on November 29, 1882, by the negligence of the Galveston, Harrisburg & San Antonio Railway Company; and these allegations of appellant by plain implication acquit the New York, Texas & Mexican Railway Company of any fault or negligence. Therefore we do not think that under the averments in the petition, in the first place, the New York, Texas & Mexican Railway Company can be charged with liability for the injuries to Dorsey arising from any reasonable construction of the contract to pay one-third of the expenses, etc. Nor, in the second place, do we think it can be in this case held liable by reason of its having been one of the joint employers of Dorsey, because the petition alleges such acts of negligence on the part of the Galveston, Harrisburg & San Antonio Railway Company as necessarily excludes any supposition of fault on the part of the New York, Texas & Mexican Railway Company. While

this is so in this case, the New York, Texas & Mexican Railway Company may have been originally liable to Dorsey by reason of the fact that it was his joint employer. Our conclusion on this branch of the case is that the demurrer was rightly sustained.

The demurrer having been sustained in so far as the petition sought to compel contribution from the New York, Texas & Mexican Railway Company, and the cause having been dismissed as to that company, it becomes unimportant to consider the action of the court in refusing to strike out so much of the amended answer as set up the alleged misjoinder of parties defendant.

The court overruled appellant's motion to strike out the plea or exception in the amended answer of misjoinder, and this is assigned as error, because the original answer at a previous term contained only a general denial, and the above plea came too late after such answer to the merits. If the appellant's motion to strike out the plea had been sustained, the effect would have been the same as if the court had held the plea of misjoinder or exception not well taken. This the court, in effect, did hold when it overruled the plea. This destroyed the plea. The motion to strike out could have done no more. Hence there is nothing in the court's ruling to complain of.

This brings us to the consideration of the next assignment, raising the question of the correctness of the judgment in this controversy between the Gulf, Colorado & Santa Fe Railway Company and the Galveston, Harrisburg & San Antonio Railway Company. The fact that the Galveston, Harrisburg & San Antonio Railway Company was equally guilty of negligence with appellant will avail nothing to the latter. It appears from the petition that for its negligence it has paid one-half of the judgment, and the only ground on which in this suit it can be required to pay it in full would be that its exclusive negligence caused the injuries to Dorsey.

The court below found that the proof did not establish this fact, and it is only necessary to ascertain whether the evidence sustains this conclusion. It is shown by appellant's witness Crowley, that Dorsey was employed by the companies and paid by the Gulf, Colorado & Santa Fe Railway Company, and that his injuries were received on the track of that company. As to the latter fact, however, the witness is not positive. At the time of his injury the appellant company had control of the yard at Rosenberg and the crew. The yard was jointly operated by the companies, and the appellant employed the switchmen and yardmen therein, and the Galveston, Harrisburg & San Antonio Railway Company the engineers and firemen. Dorsey was employed by McGee, who was a yardmaster and an employe of appellant, and he received his pay from appellant. McGee, who was the yardmaster of appellant, put Dorsey to work coupling cars on the track, which was unballasted, and it was on this occasion he received the injuries.

The tracks were used in the "union yards" indiscriminately by the three companies.

Besides the foregoing evidence in the present case, all of the testimony adduced on the trial of the Dorsey case was introduced in and constituted a large part of the evidence on the trial of this cause below.

Viewing this merely as evidence, it is only necessary to say of the record of the proceedings in the Dorsey case, that it was as potent in this cause for the purpose of establishing the fact of negligence on the part of appellant as it must have been and was considered in the former case, where it was held sufficient to establish the joint liability of appellant and appellee. Taking all of the evidence in this case, we think it fails to show that Dorsey's injuries were occasioned by the negligence exclusively of the Galveston, Harrisburg & San Antonio Railway Company; and as this is the essential ground on which appellant must recover indemnity, it follows that the judgment below was correct.

Much of what has been said with respect to the right of appellant to enforce contribution as against the New York, Texas & Mexican Railway Company will apply to the allegations in the petition seeking a recovery as indemnity from the Galveston, Harrisburg & San Antonio Railway Company, there being no difference in principle in this class of cases between the right to indemnity and to contribution. The distinction is, that the whole amount is recovered against the defendant in the former and only his proportionate share in the latter.

The right of the Gulf, Colorado & Santa Fe Railway company to require the Galveston, Harrisburg & San Antonio Railway Company to indemnify it must be founded upon the fact that the former company was guilty of no negligence resulting in injury to Dorsey, and that the Galveston, Harrisburg & San Antonio Railway Company alone, by reason of its negligence, caused the injuries.

The court found, that under the proof in this case appellant and the Galveston, Harrisburg & San Antonio Railway Company were both guilty of negligence; and that as there was no controversy as to the fact, which the record in the Dorsey case showed, of the payment of one-half of the judgment by the appellee, the appellant could not recover. There was no error in this finding, we think.

The rule is no doubt generally, that parties to a judgment are not bound by it in a subsequent suit between each other unless they were adversary parties in the original action. The best illustration of this rule is found in a case where a judgment is recovered against A and B on a contract, which is paid by A. The liability of B in a subsequent suit for contribution is still an open issue, because it was not tried in the former suit. In that suit a joint liability only to the plaintiff was determined. Freem. on Judg., sec. 158. See also 2 Black on Judg., sec. 599. This rule is founded on the principle that the parties as between themselves ought not to be concluded or their liability or rela-

tions to each other affected by an issue in the subsequent suit which was not controverted between them in the former action.

It is not necessary for us to decide whether the judgment in the Dorsey case was res adjudicata or conclusive as to any particular issue (as, for example, the negligence of appellant) which would preclude a recovery by appellant. The evidence in this case, which consists in part of the facts proved in that cause and other portions of the record in the latter cause, abundantly sustained the conclusion of the court below in finding that appellant and appellee were both guilty of the negligence resulting in the injuries to Dorsey. As appellant's recovery must depend on facts exonerating it from such negligence and fixing it solely on the appellee, the judgment is correct.

Appellant's right to contribution or indemnity is not questioned in this case, upon proof of the facts entitling it thereto. But the judgment in the Dorsey case against appellant and appellee, showing a joint liability, and the payment of it by them in equal proportions, is not sufficient alone to authorize a recovery of indemnity. It is true, that a judgment, although arising out of a tort, does not destroy the right to indemnity (Bailey v. Bussing, 28 Conn., 457); but it does not dispense with proof of all the other facts on which alone this right rests, namely, that appellee alone was guilty of the negligence causing the injuries to the party who recovered the original judgment. It is evident that this was not shown.

We think the judgment should be affirmed.

*Affirmed.*