C. D. Hays v. Tom W. Perkins et al.

Decided November 18, 1899.

### 1.   Joinder of Counts and Parties in Action for Libel.

Two or more causes of action for separate and distinct libels may be embraced in one suit, if they be set up in complete and distinct counts, are common to all the defendants sued, and such as may be enforced against each of them.

### 2.   Same—Misjoinder.

Where one count of a petition charges certain defendants with publishing a libel in a newspaper on a given date, and another count charges other defendants with circulating libelous matter by writing and sending a telegram on a different date, there is a misjoinder both of parties and causes of action.

**3. Misjoinder—Practice.**

The proper practice is to raise the question of misjoinder of parties and causes of action, when it appears on the face of the pleadings, by exception, and to determine it in limine, without waiting for the party to develop his case by the evidence before requiring him to elect.

APPEAL from Collin.  Tried below before Hon. J. E. DILLARD.

*Garrett, Smith & Merritt,* for appellant.

*Abernathy & Beverly, J. D. Cottrell, J. M. Pearson, Geo. H. Fearons,* and *A. H. Fielder,* for appellees.

FINLEY, CHIEF JUSTICE.—This suit is for libel, filed in the District Court of Collin County, March 1, 1897, by the plaintiff, C. D. Hays, against Tom W. Perkins, J. M. Lee, J. T. McNulty, R. L. White, and the Western Union Telegraph Company for damages alleged in the sum of $10,000.  The court sustained exceptions on the part of the defendants, setting up that there was a misjoinder of parties defendant and that the petition set up two distinct causes of action, and for these reasons alone, the plaintiff declining to amend his petition or to elect, the court sustained said exceptions and dismissed the plaintiff's case and rendered judgment against the plaintiff for costs.  The plaintiff has appealed.

If there was a misjoinder of parties defendant and causes of action, the action of the court in sustaining the exceptions raising that objection to the pleadings, and the further action of dismissing the case upon the plaintiff declining to amend, was correct.  Two or more causes of action for separate and distinct libels may be embraced in one suit. But these separate causes of action must not only be set up in complete and distinct counts, but they must be common to all the defendants sued.  13 Enc. Pl. and Prac., p. 60; Wallace v. Walker, 73 Texas, 8; Roby v. Meyer, 84 Texas, 392 (top of page).

In Stewart v. Gordon, 65 Texas, 347, Mr. Justice Stayton says: "The causes of action which may be joined must be such as the plaintiff may enforce against each of the defendants."

In this case there are two distinct causes of action set up, accruing at different dates and participated in by different parties.  The first cause of action set out is the publication of libelous matter in a newspaper. This was alleged to have occurred September 18, 1896.  It is charged that the defendants White and Perkins edited, published, and circulated the newspaper, and that the telegraph company acted with them in this publication.  It is not stated expressly that the other defendants participated in the publication or circulation of this libelous matter.

There are, however, some general allegations of combination and conspiracy on the part of all the defendants contained in this count of the petition, which, in the absence of special exception, should probably be considered sufficient to charge all the defendants with taking part in the publication of this libelous matter.

The other cause of action set out is the communication of libelous matter to the employers of appellant, Martin, Wise & Fitzhugh, in writing and by telegram. The subject matter of the two alleged libels are not identical, and the methods of publication are wholly different. The latter cause of action is alleged to have occurred September 25, 1896, and only the defendants White and the Western Union Telegraph Company are charged with guilty participation therein. It seems clear to us that there was a misjoinder of parties and causes of action. Stewart v. Gordon, supra; Construction Co. v. Meddlegge, 75 Texas, 634; Newell on Slander and Libel, p. 382, sec. 42; Clegg v. Varnell, 18 Texas, 302; Oliver v. Robinson, 41 Texas, 423; Frost v. Frost, 45 Texas, 341; Williams v. Robinson, 63 Texas, 582.

The contention of appellant, that he should have been allowed to develop his case by the evidence before being required to elect between the different causes of action set up in his pleadings, is not sound. The proper practice is to raise the question of misjoinder of parties and causes of action, when it appears from the face of the pleadings, by exception, and this matter should be determined in limine. The authorities heretofore cited, especially Construction Co. v. Meddlegge, 75 Texas, 637, sanction this practice.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.