ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. P. A. BLACK.

Decided February 29, 1908.

**Joint Wrongdoers—Liability—Recovery Over.**

Each of several joint wrongdoers is liable for the entire damage inflicted, and no right of recovery over exists as between themselves. In a suit against several carriers for damages for placing disinfected cattle in infected pens, one of the defendants, against whom alone a judgment was rendered, cannot complain of the refusal of the trial court to submit to the jury the right of such defendant to recover over against its co-defendants. Evidence considered, and held to support a finding that appellant alone was negligent and liable for the damage inflicted.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*Spoonts, Thompson & Barwise,* for appellant.

*W. P. McLean,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellee against appellant, the Fort Worth Belt Railway Company and the Fort Worth Stock Yards Company, to recover damages alleged to have resulted to a shipment of eighty-four head of cattle from Mt. Pleasant, Texas, to Barstow, in Ward County, Texas. The trial resulted in a judgment against the appellant for thirteen hundred and seventy-seven dollars and thirty-five cents, and, in obedience

to a peremptory instruction of the court, in favor of the Stock Yards Company and the Belt Railway Company.

There is but little, if any, dispute in the facts. As alleged and shown, they are to the effect that Mt. Pleasant is situated below the quarantine line; that Barstow, the intended destination of the cattle, is situated north and west of the quarantine line; that before the shipment appellee caused his cattle to be inspected at Mt. Pleasant and was furnished by the proper quarantine officer with a clean bill of health for said cattle, which was delivered to appellant's agent at Mt. Pleasant and attached to the waybill made out by appellant's shipping agent; that when the cattle arrived at Fort Worth over the line of appellant's railway, some twenty-three hours after the original shipment, the cattle were delivered to the Fort Worth Belt Railway Company, which in turn transported the cattle to the yards of the Fort Worth Stock Yards Company, and they were there unloaded in what are termed the "southern pens." At the time the cattle were delivered to the Belt Railway Company, however, appellant's conductor, who had charge of the shipment from Mt. Pleasant, retained the certificate of health and waybill, delivering to the Belt Line Railway Company the "stub" or detachable portion of the waybill. This stub had indorsed on its face that the cattle were "southern cattle," which, according to the quarantine regulations, about which there is no dispute, required the cattle to be unloaded and placed in the southern pens of the Stock Yards Company instead of in the northern pens. Appellee, however, before they were unloaded in the southern pens protested to the employes of the Belt Railway against such unloading, asserting at the time that he had had the cattle inspected and that there was a certificate of health which would authorize them to be unloaded in the northern or noninfected pens. The Belt Railway thereupon, it seems, telephoned to the agent of appellant at Fort Worth, asking what should be done with the cattle, and they were directed to unload them and place them in the pens, this direction being unaccompanied with information that the certificate of health given by the quarantine officer at Mt. Pleasant was then in the agent's possession attached to the original waybill. By unloading in the southern or infected rather than in the northern pens plaintiff was prohibited by the quarantine regulations from continuing the shipment to Barstow, above the quarantine line, without having his cattle dipped and disinfected, and the cattle were in such condition that they were unable to bear this process and were accordingly sold on the Fort Worth market, and appellee sought to recover in this suit the difference between what they brought and what their market value was at Barstow had they been properly delivered there.

In the first, second, third and fourth assignments objection in various forms is made to the action of the court in instructing a verdict for the Stock Yards Company and the Belt Railway Company, and in failing to submit to the jury the plea of appellant over against them, but we find nothing in the action of the court in these respects of which appellant can complain. The evidence

seems undisputed that the Belt Company acted upon the express direction of appellant. And under the quarantine regulations it was the duty of the Belt Company to unload, and of the Stock Yards Company to receive, the cattle in the southern pens, the cattle being southern cattle and from below the quarantine line and unaccompanied with a certificate of inspection and good health.

These conclusions apply alike, in part at least, to the fifth and sixth assignments complaining of the verdict on the ground that it is without support in the evidence in that the proof shows that the Belt Railway Company and Stock Yards Company committed the wrong resulting in the injury. The fact that the Belt Railway Company and Stock Yards Company had notice that the cattle had been inspected and health certificate had been issued does not relieve appellant. It is undisputed that the proper evidence—the quarantine officer's health certificate—had been detached, or at least did not accompany the stub from the bill of lading delivered to the Belt Railway Company and which stub bore stamp requiring the action taken in the absence of a health certificate; and that appellant's agent, furthermore, directed the cattle to be unloaded without explanation that the health certificate was in the railroad office and without proper direction to unload in the northern pens. Appellant can not, therefore, complain because the railway company acted on the written evidence furnished by it and on appellant's order rather than to have accepted the verbal directions of the parties accompanying the cattle. At most, the action taken by the Belt and Stock Yard Companies after notice of those accompanying the cattle, was wrongful as against appellee, and appellant's undisputed negligence entering into the result precludes any right of recovery against one or more of its joint wrongdoers. Although each may have been liable to appellee for the whole, the fact that appellant alone was held liable gives it no ground for complaint here. As said by us in the case of the Fort Worth & Denver City Railway Company v. Chicago, Rock Island & Gulf Railway Company, not yet published, "It is a well established rule that one concerned in the commission of a wrong can not recover of another likewise guilty thereof." See also Gulf, C. & S. F. Ry. Co. v. Galveston, H. & S. A. Ry. Co. et al., 83 Texas, 509; City of San Antonio v. Smith, 94 Texas, 266; Missouri, K. & T. Ry. Co. v. Vance, 41 S. W. Rep., 167, cited in the case from which we have quoted.

We conclude that all assignments should be overruled and the judgment affirmed.

*Affirmed.*