## GARNER v. JAMISON et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 18, 1913. On Motion for Rehearing, Jan. 17, 1914.)

1. PARTIES (§ 96*)—MISJOINDER OF PARTIES PLAINTIFF—WAIVER.

Under Rev. Civ. St. 1911, art. 1902, authorizing a defendant to plead as many several matters, whether of law or fact, as he shall think necessary and which may be pertinent to the cause, provided he files them all at the same time "and in due order of pleading," where defendants filed an answer to the merits without filing any exceptions setting up a misjoinder of parties plaintiff, their objection to such misjoinder was waived, and their exception thereafter filed in an amended answer should not have been sustained, as the proper practice is to raise the question of misjoinder of parties and causes of action when it appears from the face of the pleadings by demurrer, and the objection must be taken and determined in limine.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 167–177; Dec. Dig. § 96.*]

### On Motion for Rehearing.

2. APPEAL AND ERROR (§ 407*)—CITATION IN ERROR—SERVICE.

Under the statute authorizing service on the president, secretary, or treasurer of a domestic corporation, or upon the local agent representing it in the county in which suit is brought, a citation in error was properly served on the general manager of its business, who gave the orders with respect to its business, and who lived in the county in which suit was brought; he being its local agent representing it in such county.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2120, 2128–2132; Dec. Dig. § 407.*]

---

3. APPEAL AND ERROR (§ 390*)—APPEAL BOND —AMENDMENT.

Under the express provisions of the statute, an appellate court may allow an appeal bond defective in form or substance to be amended by filing a new bond; and hence the action of the court in allowing the filing of a new bond was not unauthorized on the ground that the original bond was a nullity.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2077–2084, 2088; Dec. Dig. § 390.*]

4. PARTIES (§ 92*)—MISJOINDER OF PARTIES PLAINTIFF—WAIVER.

Under rule 24 for district courts (142 S. W. xix), providing that all dilatory pleas and all motions and exceptions relating to a suit pending which do not go to the merits of the case shall be tried the first term at which the attention of the court shall be called thereto, unless passed by agreement of the parties with the consent of the court, assuming that the misjoinder of parties plaintiff was raised by a general demurrer where no special exception was filed, the objection was waived where the court's attention was not called thereto at any time, and an exception filed after several intervening terms of court should not have been sustained, especially where it was not filed until after plaintiff's cause of action was barred by limitations.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 150–152; Dec. Dig. § 92.*]

Error from District Court, Dallas County; E. B. Muse, Judge.

Action by G. M. Garner and J. D. Jamison against Campbell Russell and others. To review the ruling of the court in sustaining exceptions to the petition and certain other interlocutory rulings, plaintiff Garner brings error. Reversed and remanded.

E. G. Senter, of Dallas, for plaintiff in error. W. L. Crawford and J. C. Muse, both of Dallas, for defendants in error.

TALBOT, J. This action was filed on the 19th day of April, 1906, by J. D. Jamison and G. M. Garner, plaintiffs, against Campbell Russell, C. S. Barrett, W. S. Miller, O. P. Pyle, and A. H. Belo & Co., a corporation, defendants, each plaintiff praying for $10,000 actual damages and $10,000 exemplary damages against each of the defendants for an alleged libel. The defendant A. H. Belo & Co., on the 29th day of November, 1907, and the other defendants, on the 24th day of November, 1908, filed amended answers, in which, among other things, they and each of them excepted specially to the petition of the plaintiffs upon the ground that there was a misjoinder of parties plaintiff. The plaintiffs excepted to and resisted the pleas of misjoinder of parties plaintiff upon the ground that all of the defendants had waived a misjoinder, if any, by pleading to the merits of the cause and permitting several terms of the court to pass after so doing, without excepting to the misjoinder and by waiting to present the exceptions or pleas of misjoinder until such a period of time had elapsed as to cause the action to be barred by limitation, if it should be dismissed. The court sustained the exceptions setting up a misjoinder, and the plaintiffs then, because of the action of the court, requested a severance of the cause, and that each of the plaintiffs should be permitted to docket his cause as a separate action, which application was denied by the court. The attorney for the plaintiffs then announced that, acting under the rule of the court, and because the court would not permit the cause to go to trial and would not permit a severance, he would take a nonsuit on behalf of plaintiff, Garner, and did so, and then and there gave notice of appeal from the action and ruling of the court to the Court of Civil Appeals on behalf of said plaintiff. Afterwards a motion was made on behalf of the plaintiff, Garner, to reinstate his cause of action as a separate suit upon the docket of the court, which prayer was denied by the court. Plaintiff, Garner, gave notice of appeal to the Court of Civil Appeals from the action of the trial court, and brings the case to this court by writ of error.

[1] The several rulings of the court mentioned are assigned as error, but it is only necessary for the purposes of this appeal for us to determine whether or not the trial court erred in sustaining the special exceptions of the appellees to the petition of plaintiffs asserting a misjoinder of parties plaintiff. The decision of the question does not turn upon whether or not there was in fact such misjoinder, but whether, if there was such misjoinder, it had been waived. The proper practice in this state is to raise the question of misjoinder of parties and causes of action when the misjoinder appears from the face of the pleadings, by demurrer, and the objection must be taken and determined in limine. Our statute gives the defendant the right or privilege to plead, in his answer, "as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause," provided he files them all at the same time and in due order of pleading. Article 1902, Revised Stats. 1911. The proviso in this statute was not complied with in this case. The exceptions of the defendants to the petition of the plaintiffs were filed long after their general denial, and was not therefore in the due order of pleading. As has been stated, this suit was filed on the 19th day of April, 1906, and the answers of the defendants A. H. Belo & Co., Campbell Russell, and O. P. Pyle, and C. S. Barrett and W. S. Miller, consisting of a general demurrer and general denial, were filed, respectively, on the 28th day of April, 1906, June 6, 1906, and September 26, 1906. Thereafter, on the 29th day of November, 1907, A. H. Belo & Co., and on the 24th day of November, 1908, the other defendants, filed amended answers, in which for the first time they excepted to the petition of plaintiffs upon the ground of misjoinder

of plaintiffs. Having answered to the merits of plaintiffs' case before filing their exceptions setting up a misjoinder of parties plaintiff, defendants waived the misjoinder, if any, and the court erred in sustaining said exceptions. Hays v. Perkins, 22 Tex. Civ. App. 198, 54 S. W. 1071; Moore v. Waco Building Ass'n, 19 Tex. Civ. App. 68, 45 S. W. 974; Wallace v. First Nat. Bank, 95 Tex. 103, 65 S. W. 180; Connor v. Hawkins, 64 Tex. 544; Howard v. Britton, 71 Tex. 286, 9 S. W. 73; Railway Co. v. Railway Co., 83 Tex. 509, 18 S. W. 956.

The judgment of the court below is reversed, and cause remanded.

### On Motion for Rehearing.

[2] It is insisted that the sheriff's return does not show ·legal service of the citation in error upon the defendant in error, A. H. Belo & Co., and a rehearing should be granted and this cause stricken from the docket of this court for want of . jurisdiction. The sheriff's return indorsed upon the citation in error (omitting the signature of the sheriff) is as follows: "Came to hand Feb. 1st, 1910, and executed Feb. 1st., 1910, at 3 p. m., by delivering to A. H. Belo and Company, by Del. to G. B. Dealey, general manager, a true copy of this writ in Dallas, Dallas Co., Texas." The defendant in error, A. H. Belo & Co., is a corporation created by the laws of Texas, and if it be conceded that the sheriff's return fails of itself to show service of the citation in error upon any officer or representative of the company upon whom service is required by statute to be made, still the record in this court discloses that said citation was served upon such an officer or representative. By bill of exception reserved to the action of the district court, in which the cause was tried, in refusing, upon motion of plaintiff in error filed in that court, to have the officer's return upon the citation amended, it is made to appear that G. B. Dealey, upon whom the service was had, testified, among other things, in effect, that he was, at the time the citation in question was delivered to him, the general manager of the business of the defendant in error; that he gave the orders with respect to the business of the company in Dallas county, Tex., at that time, and that he lived in the city of Dallas, said county and state where the suit was pending, when the citation was served upon him. The statute provides that in suits against a domestic corporation citation may be served on the president, secretary, or treasurer of such company, or upon the local agent representing such company in the county in which suit is brought. The return in this case shows that the citation in error was delivered to "G. B. Dealey, general manager" of defendant in error, and his testimony that he was general manager of its business, and gave the orders with respect to its business, and that he lived in Dallas county, Tex., at the time

the citation was served upon him, shows that he was at that time the local agent of the defendant in error representing it in said county. This being true, the service of the citation was legal and binding upon defendant in error, and this court had jurisdiction to hear and determine the appeal in this case.

[3] We do not concur in the view that the original writ of error bond filed in this case was a nullity, and that this court was not authorized to allow a new bond to be filed. It is expressly provided by our statute that when it shall be determined by the court to which an appeal is taken that the appeal bond is defective in form or substance, such appellate court may allow the appellant to amend such bond by filing a new bond on such terms as the court may prescribe.

[4] The other grounds of the motion for a rehearing and the argument in support of them have been carefully read and considered, but we think they present no good reason why we should depart from the views expressed in our original opinion. As is, in effect, said in that opinion, the question presented for our decision was not whether there was in fact a misjoinder of parties plaintiff in this suit, but whether, if there was a misjoinder, it had been waived. In Brooks v. Galveston City Ry. Co., 74 S. W. 330, it is held that a misjoinder, either of actions or of parties, must be taken advantage of by a plea in abatement, or where the misjoinder appears from the face of the petition, by a special exception in the nature of such plea, and that it is elementary that due order of pleading requires that pleas in abatement or exceptions of such nature must, to be considered, be filed prior to an answer to the merits whether such answer raises issues of law or fact. Here, as in Brooks' Case, the plea of misjoinder was filed subsequent to the general demurrer and plea of not guilty contained in the original answer. Besides, as pointed out in Howard v. Britton, 71 Tex. 286, 9 S. W. 73, cited in the original opinion, rule 24 of the district court (142 S. W. xix) provides that all dilatory pleas and all motions and exceptions relating to a suit pending, which do not go to the merits of a case, shall be tried the first term at which the attention of the court shall be called to the same, unless passed by agreement of the parties with the consent of the court; and, if it can be said that the alleged misjoinder in this case could be raised by a general demurrer, yet it does not appear that the appellee A. H. Belo & Co. relied upon it for that purpose and called the court's attention to it at any time. On the contrary, it is manifest that it was not so relied upon, for long after such demurrer was filed the special exception setting up a misjoinder of parties plaintiff herein was filed and alone presented and acted upon by the trial court.

Having therefore failed to call the attention of the court to the general demurrer,

claiming a misjoinder of parties plaintiff, at the proper time, it must be held that it, and consequently the misjoinder, was waived. An additional reason why the special exception claiming a misjoinder of plaintiffs in this case should not have prevailed, is that such exception was not filed until after appellant's cause of action, if any he had, was barred by the statute of limitation.