## STANTON v. SECURITY BANK & TRUST CO. et al. (No. 1237.)

(Court of Civil Appeals of Texas. El Paso. May 26, 1921. Rehearing Denied June 23, 1921.)

1. **Bills and notes ⊙≈534—Allowance of 10 per cent. attorney's fee held proper.**

Where a note bearing 10 per cent. interest, provided for the costs of collection, including attorney's fees, and there was evidence that plaintiff had agreed to pay his attorney the usual fee of 10 per cent., which was a reasonable sum, it was not error to allow an attorney's fee of 10 per cent., instead of 6 per cent.

2. **Interest ⊙≈38(2)—Judgment bears interest at rate specified in note.**

Where the note sued on provided for an interest rate of 10 per cent., the judgment thereon properly bore interest at that rate from the judgment date under Rev. St. art. 4981.

3. **Trial ⊙≈351(2)—Verdict on single special issue held sufficient.**

Where only one issue was submitted to the jury, and no request was made for the submission of any other issue, but there was evidence to support a finding upon every other issue presented by the pleadings, the verdict on that issue was a sufficient basis for the judgment for plaintiff, in view of Rev. St. art. 1985, as to findings deemed made where no requests are presented to court.

4. **Pledges ⊙≈13—Collateral security need not be mentioned in note.**

It is not essential to the validity of a pledge that it be specifically mentioned in the note secured thereby, and a lien can be foreclosed on stock which the evidence showed was pledged as collateral security for the note, though not mentioned in the note.

⊙≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Pleading.** ⬌149—**Cross-action for accounting between partners is foreign to suit on partnership note.**

In a suit by a bank on a partnership note, a cross-action by one of the partners against the other, seeking an accounting as to partnership matters not related to the note in suit, is foreign to the plaintiff's suit, and should be dismissed on plaintiff's objection.

**6. Pleading** ⬌411—**Objection that cross-action is foreign to original suit waived by failure to raise question.**

The objection that the cross-action by one defendant against another was foreign to plaintiff's suit so that there was a misjoinder of causes of action is one which could be waived, and was waived, by failure to raise it by plea in abatement or by special exception, and where it was so waived it was error for the court on its own motion to strike out the cross-action.

**7. Appeal and error** ⬌1172(1)—**Erroneous dismissal of cross-action between defendants does not require reversal of plaintiff's judgment.**

Error in dismissing on the court's own motion a cross-action between the defendants does not require reversal of judgment for the plaintiff.

Error from District Court, El Paso County; Ballard Coldwell, Judge.

Action by the Security Bank & Trust Company against M. W. Stanton and another. Judgment for plaintiff, and cross-action of the named defendant against his co-defendant dismissed, and the named defendant brings error. Judgment for plaintiff affirmed, and judgment dismissing cross-action reversed, and cause remanded for determination of the cross-action.

M. W. Stanton, Jno. F. Weeks, and Jones, Jones, Hardie & Grambling, all of El Paso, for plaintiff in error.

Winter, McBroom & Scott, of El Paso, for defendants in error.

HIGGINS, J. The Security Bank & Trust Company brought this suit against M. W. Stanton and John F. Weeks to recover upon a promissory note in its favor executed by Stanton and the firm of Stanton & Weeks, and for foreclosure of lien upon certain shares of stock which had been pledged to secure the payment of the note. From a judgment in favor of plaintiff, Stanton appeals.

Under the third assignment it is complained that the judgment is excessive, in that it allowed: First, 10 per cent. interest on the attorney's fees recovered; second, in allowing 10 per cent. attorney's fees instead of 6 per cent.

[1, 2] The note provides for the costs of collection, "including attorney's fees." The stipulated interest rate is 10 per cent. per annum from maturity. It was testified that the plaintiff had agreed to pay its attorneys the usual sum of 10 per cent., which was a reasonable sum. There is no evidence to the contrary. In this condition of the record there was no error in allowing an attorney's fee of 10 per cent. instead of 6 per cent. The attorney's fee became a part of the principal, and was incorporated in the aggregate sum of $1,098.16, for which judgment was rendered. Since the note provided for an interest rate of 10 per cent., the judgment properly bore interest at that rate from the judgment date. Article 4981, R. S. There is therefore no merit in this assignment.

The defendants had been partners under the firm name of Stanton & Weeks. The partnership had been dissolved some time before the execution of the note sued upon. The note represented a partnership debt, and had been given in renewal of notes of Stanton & Weeks given before the dissolution. Weeks denied the authority of Stanton to execute the note sued upon.

The case was submitted to a jury upon one special issue, viz.: Did Weeks authorize Stanton to execute the note in his name? The jury answered, Yes.

[3] Under the fourth assignment it is objected that the verdict is insufficient to form the basis of the judgment of foreclosure, because there was no finding relative to the foreclosure. The only issue raised by the evidence related to the question of Stanton's authority to execute the note. There was no request made for the submission of any other issue. There was evidence to support a finding upon every other issue presented by the pleadings. In this condition of the record the verdict was a sufficient basis for the judgment. Article 1985, R. S.

[4] Under this assignment it is further objected that the judgment foreclosing a lien on the stock in the Santo Tomas Farms Company was improper, because such stock is not mentioned in the note. There is direct testimony that such stock was held by plaintiff as collateral to secure the payment of the note sued upon. There is no evidence to the contrary. It was not essential to the validity of the pledge that it be specifically mentioned in the note. There was therefore no error in foreclosing the lien.

The defendant, Stanton, alleged that since the dissolution of the partnership he had paid various notes of the firm, and asked for an accounting with his codefendant, Weeks, and judgment over against him for such amount as he might be found to be entitled. The plaintiff interposed no objection to the assertion of this cross-action. Weeks answered the cross-action by a general demurrer, special exception, and general denial. The special exception was for want of certainty in failing to state the notes paid, and to whom paid. A trial amendment was filed by Stanton, which relieved his cross-action of the defect in the particular attacked by the spe-

---

cial exception, but the court sustained the same. The order sustaining the exception went beyond its scope, in that it held that—

"The only issue of fact, that should be investigated and evidence thereon adduced is the issue as to whether or not M. W. Stanton had authority to execute the note sued upon in the name of Stanton & Weeks, and that the said M. W. Stanton would be required to sue for an accounting in some other proceeding."

[5] This ruling in effect eliminated and dismissed the cross-action. The cause of action set up in the cross-action was wholly foreign to the plaintiff's suit. It injected a controversy between the defendants with which the plaintiff had no concern, and was calculated to disturb the orderly course of procedure in the plaintiff's suit, to occasion delay and accumulate costs which it would be difficult to properly adjust.

[6] Had the plaintiff objected, the cross-action should have been dismissed. Possibly also Weeks might have objected to its assertion in this suit, but neither Weeks nor the bank made any objections. Conceding that it was a misjoinder of actions, it was a matter which could be waived, and was waived, by failure to object. A misjoinder of actions must be taken advantage of by plea in abatement, or, when the misjoinder is apparent upon the face of the petition, by special exception pointing out the defect. Brooks v. Railway Co., 74 S. W. 330; Railway Co., v. Starr, 22 Tex. Civ. App. 353, 55 S. W. 393; Hays v. Perkins, 22 Tex. Civ. App. 198, 54 S. W. 1071; Railway Co. v. Lewis, 99 S. W. 577.

The misjoinder not having been objected to by either the plaintiff or by Weeks, it was error for the court of its own motion to strike out the cross-action. Killfoil v. Moore, 39 S. W. 646.

[7] The error, however, does not in any wise affect the correctness of the judgment in favor of the bank. The judgment in favor of the bank against the defendants may properly be affirmed, and the case reversed and remanded for disposition of the cross-action by Stanton against Weeks. Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548; Railway Co. v. Enos, 92 Tex. 577, 50 S. W. 928; Wimple v. Patterson, 117 S. W. 1034.

It is so ordered.