**SOUTHERN PAC. CO. v. ULMER et ux. (No. 692—4607.)**

(Commission of Appeals of Texas, Section B. June 23, 1926.)

1. **Appeal and error** ⚖️79(1)—**Judgment awarding wife entire recovery for injuries to her held final, though husband was entitled to reimbursement for expenses (Rev. St. 1925, art. 4615 [Acts 1915, c. 54, § 1]).**

Judgment awarding entire recovery to wife, joined by husband in suit for injuries to her, *held* final, though husband was entitled to reimbursement for expenses under Rev. St. 1925, art. 4615 (Acts 1915, c. 54, § 1).

2. **Judgment** ⚖️194, 233.

Judgment must dispose of all parties and issues.

3. **Judgment** ⚖️217.

Judgment expressly, or by necessary implication, disposing of all parties and issues is final.

4. **Appeal and error** ⚖️877(6)—**Railway company, sued by husband and wife for injuries to latter, cannot complain of judgment awarding entire recovery to wife (Rev. St. 1925, art. 4615 [Acts 1915, c. 54, § 1]).**

Railway company, sued by husband and wife for injuries to latter, cannot complain of judgment awarding entire recovery to wife, though husband should have been awarded part under Rev. St. 1925, art. 4615 (Acts 1915, c. 54, § 1), for his own protection and benefit of community estate.

5. **Husband and wife** ⚖️266.

Subject to creditor's prior rights, husband may give wife any part of community estate as her separate property.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by N. A. Ulmer and wife against the Southern Pacific Company. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (282 S. W. 305), and defendant brings error. Judgments affirmed.

H. H. McElroy and Del W. Harrington, both of El Paso, for plaintiff in error.

Jones, Hardie & Grambling, of El Paso, for defendants in error.

POWELL, P. J. This is a personal injury case filed against plaintiff in error by N. A. Ulmer and his wife, Patsy, for damages alleged to have been sustained by the latter while a passenger. Judgment for $15,000 was rendered by the trial court, and that judgment was affirmed by the Court of Civil Appeals. The opinion of the latter court is very full. See 282 S. W. 305.

[1] We do not think it necessary to restate the case here at any length. The husband and wife joined in the suit. The prayer was for such relief as they might be entitled to. The jury found the total damages to be $15,000. The entire amount so found was awarded to the wife by the court. It is insisted by the railway company that, since the judgment did not mention the husband, it did not dispose of him, and was not a final judgment. With this view we cannot agree

It is true that in 1915 the Legislature passed an act (article 4615 of the Revised Civil Statutes of 1925) reading as follows:

"All property or moneys received as compensation for personal injuries sustained by the wife shall be her separate property, except such actual and necessary expenses as may have accumulated against the husband for hospital fees, medical bills and all other expenses incident to the collection of said compensation. Acts 1915, p. 103."

Prior to the passage of that act, compensation for personal injuries to the wife was part of the community estate. Now all of such recovery is the separate property of the wife, except that the husband may be reimbursed for expenses he incurred incident to her injuries and the collection of the compensation. In other words, the net recovery arising out of the accident and injury now belongs to the wife as her separate estate. While the statute is silent as to these expenses, it would seem that they would constitute a part of the community estate.

The relevant portion of the judgment of the trial court reads as follows:

"It is therefore ordered, adjudged, and decreed that plaintiff's suit as against the El Paso Union Passenger Depot Company be, and the same is hereby, dismissed, and that plaintiff's suit as against the Galveston, Harrisburg & San Antonio Railroad Company be, and the same is hereby, dismissed, and that the costs incurred by said parties be taxed against the plaintiff Patsy Ulmer and N. A. Ulmer.

"It is further ordered, adjudged, and decreed by the court that said Patsy Ulmer do have and recover of and from the defendant, Southern Pacific Company, a corporation, the sum of $15,000, together with interest from this date at the rate of 6 per cent. per annum, together with all costs of suit, except those adjudged against plaintiffs, and the clerk of this court is directed to issue all writs of execution necessary for the collection of costs in this cause, and that said clerk issue a writ of execution directed to the sheriff of El Paso county, Tex., to collect the judgment in favor of said Patsy Ulmer and against the Southern Pacific Company, and that the clerk issue all other and further writs as may be required for the enforcement of this judgment."

[2, 3] It is elementary, of course, that a judgment must dispose of all the parties and issues. And conflicts have arisen among the Courts of Civil Appeals as to whether or not the parties and issues may be disposed of by "necessary implication." But, our Su-

preme Court and Commissions of Appeals have uniformly adopted a liberal rule, and have held that a final judgment which, either expressly or by necessary implication, disposes of all the parties and issues is final. We think this judgment meets the test. The total recovery allowed by the jury was $15,000. When the court awarded all of such recovery to the wife, it necessarily meant that nothing was thought to be due the husband by the court. After giving it all to the wife, there was no necessity to say that nothing was awarded the husband. There was nothing left for him to recover. For that reason, we think this judgment as effectively disposed of the husband as if it had gone on and provided that the husband take nothing by reason of his joinder in the suit. For cases illustrating judgments held final by necessary implication, we refer to Whitmire v. Powell, 103 Tex. 232, 125 S. W. 889; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Tennison v. Donigan (Tex. Com. App.) 237 S. W. 229; Lindsey v. Hart (Tex. Com. App.) 276 S. W. 199.

In the first case cited, the subject-matter was the title to a tract of land. In disposing of the question of the finality of the judgment in that case, Chief Justice Gaines said:

"It is assigned as error that the Court of Civil Appeals erred in holding that there was a final judgment in the case. The judgment did not mention Mrs. Whitmire, and is not a decree for her. The subject-matter of the controversy is adjudged to others, and she gets nothing. This is a judgment against her."

The reasoning of the learned Chief Justice in above cause is exactly applicable to the case at bar. Here the entire subject-matter or recovery was awarded to the wife. The husband is not mentioned. It is a judgment against him.

In the case of Trammell v. Rosen, supra, the Court of Civil Appeals (153 S. W. 164) held that the judgment was not final because it failed to expressly dispose of the appellant's cross-action. But our Supreme Court differed with the Court of Civil Appeals, and adopted the more liberal rule, and held that the judgment was final. In the course of its opinion, the Supreme Court speaks as follows:

"Upon that issue there have long been, in this state, two well-defined and sharply conflicting lines of decisions by Courts of Civil Appeals. Such conflict arises, principally, it seems, upon the construction given to article 1994, Revised Statutes 1911, relating to the form of judgments of district and county courts; those Courts of Civil Appeals who adhere to a strict rule of construction in the premises holding that a judgment which does not, in express terms, specifically dispose of a cross-action or counterclaim is not a final judgment, such as will support an appeal, and those who adhere to a more liberal rule of construction holding that a judg-

ment may be final even though it disposes of such cross-action or counterclaim by necessary implication only, without expressly mentioning it."

We followed the rule laid down in the Trammell v. Rosen Case, supra, in our opinion in the case of Tennison v. Donigan, supra. We reversed the Court of Civil Appeals in that case, and held the judgment final. We quote from our opinion as follows:

"The defendants had prayed for a cancellation of the instrument in suit and its removal as a cloud upon their title. When the court awarded such a decree, it necessarily, by implication, carried with it a refusal of the prayer by the plaintiffs for specific performance of that same instrument, or damages because of the failure to execute it. The two portions of the judgment mean the same thing in practical results. In fact, we think one portion of the judgment would be largely a repetition of the other; that is to say, where a judgment expressly decrees in favor of defendants a cancellation of an instrument which is the foundation of plaintiffs' suit, the action of the plaintiffs for specific performance of same is by necessary implication denied."

Under these recent decisions, it must be held, it seems to us, that the judgment in the instant case is final, and is a judgment by necessary implication, that the husband take nothing. In other words, the rights of the husband and wife were both disposed of by the court.

[4, 5] It may be said that the husband, for his own protection, and for the benefit of the community estate, should have been awarded a part of this recovery under the statute. But, if he was willing to waive his interest in this recovery, it seems to us that such action on his part is no concern of the railway company. He filed no exception to the judgment, and is making no complaint here. It is immaterial to the company who collects the judgment, so long as no further recovery can be had in the case. Evidently the husband was either willing to give all the recovery to his wife, or he felt that he knew her and could trust her to pay her hospital and doctor bills, and also satisfy her attorneys for recovering the judgment. At any rate, these questions were matters between husband and wife, and with their solution the company had nothing to do. Subject to the prior rights of creditors, the husband, under our law, has always had the right to give to the wife, as her separate property and estate, any part of the community estate. Such action has frequently been taken by the husband. In this case, he accepted the judgment, and was willing for her to recover, not only what was due her separate estate, but also such expenses as may have been due the community estate. Since it was satisfactory to both parties to the community

that the wife recover all the money, we see no reason why there should be any complaint.

We think the Court of Civil Appeals correctly decided all the contentions presented in the application.

We recommend that the judgments of the district court and Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.