### FAIRBANKS et al. v. HAYES–SAMMONS HARDWARE CO., Inc.

#### No. 8955.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 21, 1932.

G. D. Fairbanks, of Brownsville, for plaintiffs in error.

Strickland, Ewers & Wilkins, of Mission, for defendant in error.

SMITH, J.

Hayes-Sammons Hardware Company, a corporation, brought this action on open account against Margaret McAllen Fairbanks and A. M. Fairbanks, alleged to be husband and wife, the husband being joined "pro forma" only, by express language in the petition. The defendants failing to answer, after apparently proper service, judgment was rendered against both of them indiscriminately for the amount sued for, and they have brought up the case on writ of error.

The initials of the husband were alleged in the petition to be A. M. Fairbanks, the citation was issued for service upon A. M. Fairbanks, the officer's return shows service upon A. M. Fairbanks, judgment was rendered against A. M. Fairbanks. It is contended by plaintiffs in error that the true initials of the husband are "G. D." and not "A. M.," but the record does not disclose this to be so except by an affidavit imbedded in the body of the petition for writ of error, where it can have no controlling influence upon the record. Nevertheless, the fact of the misnomer is so fully conceded by defendant in error in its brief and oral argument that it cannot be ignored here. There is no statement of facts in the record, or written findings or conclusions by the trial judge.

We are of the opinion that the record does not support the judgment against either of the plaintiffs in error.

Defendant in error joined the husband (whatever his initials are) pro forma only, thereby cutting itself off from any right of affirmative recovery against him, and defendant in error freely concedes that such judgment cannot stand.

There was no allegation in defendant in error's pleadings to show that the debt sued on was incurred in behalf of the wife's separate estate, nor is there any other allegation of fact sufficient to charge her separate estate or render her personally liable, and therefore the personal judgment against her cannot stand. Speer's Law of Marital Rights, § 458.

It is not deemed necessary to pass upon the questions raised by the misnomer of the husband. It may be said certainly, however,

that there is no presumption of law that A. M. Fairbanks is the same person as G. D. Fairbanks, and there is no pleading, even if there was evidence, that they are the same. Nor may default judgment be rendered against the one on process served upon the other, in the absence of a showing that they are in fact the same.

The judgment is reversed and the cause remanded.