AVENEL et al. v. ISKOVITZ et al.

No. 2818.

Court of Civil Appeals of Texas. El Paso.
April 27, 1933.

Rehearing Denied May 18, 1933.

Clifford Craig and Leonard R. Winborn, both of Dallas, for appellants.

L. E. Elliott and Burgess, Burgess, Chrestman & Brundige, all of Dallas, for appellees.

PELPHREY, Chief Justice.

This suit was instituted, as shown by plaintiff's third amended petition, by "Margaret Avenel, joined by her husband, M. A. Avenel, pro forma," against M. Iskovitz and Charles Iskovitz, seeking to recover $35,000 as damages for the alleged utterance of certain slanderous words about Margaret Avenel.

The trial court sustained a general demurrer and a special exception to appellant's third amended petition, and upon their refusal to amend, dismissed their suit, and they have appealed.

The first paragraph of the petition, reads: "Now comes Margaret Avenel, joined by her husband, M. A. Avenel, pro forma, and hereinafter styled plaintiffs, complaining of M. Iskovitz and Charles Iskovitz, hereinafter styled defendants, and leave of the court having been first had and obtained, files this their Third Amended Original Petition in lieu of their Second Amended Original Petition heretofore filed on the 6th day of June, A. D. 1932,

and for cause of action plaintiffs represent to the court as follows:"

The special exception to the petition, which the court sustained, reads: "Defendants specially except to said petition because it shows on its face that plaintiff, Margaret Avenel is not entitled to maintain this suit, or to recover, individually, the damages herein sought, of which defendants pray judgment of the court."

Appellant's first assignment is as follows: "The trial court erred in sustaining the general demurrer filed by defendants in defendant's fourth amended original answer to plaintiff's third amended original petition and in dismissing said cause of action as to both plaintiffs, because and for the reason that plaintiff's third amended petition disclosed a cause of action against said defendants, M. Iskovitz and Charles Iskovitz, and for the further reason said plaintiff's third amended original petition was not subject to a general demurrer on account of misjoinder of parties plaintiff and said general demurrer should not have been by the Trial Court sustained."

Under this assignment the contention is made that the petition shows that Margaret Avenel and her husband, M. A. Avenel, were both plaintiffs, and that regardless of whether or not M. A. Avenel was a party to the suit, he was connected with it in such manner that his interests therein would be disposed of on a trial of the case.

The second assignment reads: "The Trial Court erred in sustaining defendant's special exception contained in defendant's Fourth Amended Original Answer because and for the reason that defendants had answered to the merits of this case in their Original Answer without setting up their objection contained in said special exception, either by plea in abatement or special exception, and therefore said objection to said Margaret Avenel as a party plaintiff was waived by defendants, by allowing several terms of the court to pass without insisting upon such objection and until the statute of limitations had run against said cause of action and therefore said objection and special exception should not have been sustained."

Appellees, in answer to the above contentions, counter with two propositions:

"The damages sought to be recovered, being for slander, were community property, for which the husband alone had the right to sue, and since he was merely joined pro forma, and was not therefore a party at interest in the suit, no right of recovery was shown, and the court properly sustained the general demurrer and special exception."

"Since the only question of non-joinder was the suggestion that the one and only party authorized to maintain the suit was not joined

as a party at interest in the case, such issue was fundamental and subject to being raised, not only by plea in abatement, presented in due order of pleading, but by general demurrer, special exception, motion for new trial, suggestion of fundamental error on appeal, or otherwise, and no waiver for failure to present as a dilatory plea was involved."

Appellants do not controvert the propositions that damages for slander would be community property and, that, being such, the husband would be the proper party to sue for their recovery.

 There are, therefore, two questions to be decided:

(1) Whether the petition itself shows the husband to have been a party to the suit or that he was so connected with the suit that his interest in the subject-matter would be disposed of on a trial, or (2) whether appellee's failure to specially except to the petition before pleading to the merits was a waiver of their right to raise such objection.

We are of the opinion that both should be answered in the negative.

It appears from the specific allegations in the petition that Margaret Avenel was bringing the suit and was joined by her husband pro forma, and we cannot agree with appellants that the use of the word "plaintiffs" at other places in the petition would or could alter the plain declaration as to the manner in which he was involved in the suit.

The use of that word was clearly only in pursuance of the phrase "and hereinafter styled plaintiffs."

In paragraph 3 there appears the following: "That plaintiff, Margaret Avenel, is the wife of M. A. Avenel, who joins herein pro forma and that the said Margaret Avenel is a good, honest and true citizen," etc., which further shows that M. A. Avenel was not a party in interest.

In the case of Houston Electric Co. v. Potter (Tex. Civ. App.) 51 S.W.(2d) 754, 755, the petition began with a recital that "plaintiffs, Verna Alice Potter, joined pro forma herein by her husband, W. D. Potter," and in every paragraph of the petition, where it was necessary to refer to them, the word "plaintiffs" was used.

We can see where the court in that case could properly say that the words "pro forma" were surplusage, but the same is not true of the petition here under consideration.

As we understand the special exception it was not a plea of misjoinder of parties, nor of nonjoinder, but merely called the court's attention to the fact that Margaret Avenel was not entitled to recover the damages for which she was suing, under the facts shown by her own pleading.

If we be correct in this, then it was not a dilatory plea such as was under discussion in the case of Garner v. Jamison et al. (Tex. Civ. App.) 162 S. W. 940, cited by appellant.

Finding no error in the trial court's action, the judgment is affirmed.