CROWDER et al. v. CROWDER.

No. 8534.

Court of Civil Appeals of Texas. Austin.
Nov. 17, 1937.

Rehearing Denied Jan. 12, 1938.

Baker & Baker, of Coleman, for appellants.

Critz & Woodward, of Coleman, for appellee.

BAUGH, Justice.

At the time this suit was filed by the appellee, Mollie Crowder, plaintiff in the trial court, she and J. J. Crowder were living together as husband and wife on 238 acres of land in Coleman county, which constituted their community homestead. Living in that home with them was Minnie Crowder, their daughter, who was then 35 years of age. Also occupying the same premises were a son and his wife. Minnie Crowder was there with the permission and consent, and at the request, of her father, J. J. Crowder, who was 79 years of age and afflicted with rheumatism, for the purpose not only of having a home for herself, but to help care for her father in his decrepit condition. It appears that the father had caused to be given a written notice to the son who lived with them to vacate the premises. Shortly after such notice was so given to such son, the mother, Mollie Crowder, filed this suit against her daughter, Minnie Crowder, in which she joined as defendant, her husband, J. J. Crowder, "to the end that he may assert such rights in connection herewith as he may be entitled to assert under the law and in equity. * * *"

The suit was in trespass to try title as against Minnie Crowder and for injunction in effect to eject Minnie Crowder from the premises and to prevent her return to the household, on the ground of such obnoxious conduct towards her mother and the use of such threats, vile and profane language toward her as to deprive the mother of the peaceful use and enjoyment of her homestead rights in the premises. Plaintiff alleged that her husband, J. J. Crowder, with whom she then lived on the premises, refused to join her in said suit. The trial court granted a temporary injunction as prayed for. Trial was to a jury in a hearing upon the merits, but at the close of the evidence the court instructed a verdict in favor of the plaintiff, Mollie Crowder, rendered judgment against Minnie Crowder for title and possession of the entire 238 acres, and enjoined Minnie Crowder from using vile and abusive language toward her mother on said premises; from using any personal violence toward her mother thereon; and from disturbing the peaceable and quiet possession and enjoyment by her mother of the residence and the immediate surroundings thereof. From this judgment J. J. Crowder and Minnie Crowder have appealed upon a joint affidavit of inability to pay costs.

The record presents several anomalous situations. The plaintiff, Mollie Crowder, a feme covert, was awarded a judgment for costs of suit against her husband, J. J. Crowder, while living with him as his wife, in a suit wherein she asked no relief against him. A judgment in trespass to try title was rendered in favor of Mollie Crowder against Minnie Crowder, though Minnie Crowder is not shown to have ever made any claim of any title to any part of said property, was present on the premises with consent and at the request of her father, J. J. Crowder, who was, under the statutes, entitled to have the control and management thereof. The record also shows that he had rented to Minnie Crowder, for farming purposes, a part of said premises.

It also appears that the joint affidavit of J. J. Crowder and Minnie Crowder of their inability to pay the costs of appeal, or to give security therefor, was contested by appellee, but the contest was denied, and the appeal allowed on such affidavit, though the record in this suit discloses that J. J. Crowder possessed a community estate with appellee, Mollie Crowder, of 238 acres of land, free of debt, and from which he received oil royalty payments, the number and amount of which were not shown.

Appellants make two contentions on this appeal: First, that under the facts and circumstances of this case, the appellee, Mollie Crowder, was not authorized, as a matter of law, to prosecute this suit without being joined by her husband; and, second, that if she were, the evidence on the issues drawn by the pleadings was sufficient to go to the jury, and consequently that the trial court erred in directing a verdict for the plaintiff.

Unquestionably the wife has the right by suit to preserve and protect her rights in the homestead, whether the homestead be her separate property or community property; and in some cases where it is the separate property of the husband. And where the husband has abandoned her, has refused to support her, acted with another in fraud of her rights, or has refused to protect her homestead rights, it has been repeatedly held that she can assert such homestead rights without his joining her in a suit for that purpose, or even against him as defendant. In practically all of such cases, however, the suits have been brought to prevent alienation of title to the homestead, or to invalidate attempted incumbrances thereon. The law with regard to her rights in such cases appears now well settled. 23 Tex.Jur., § 286, p. 326. She may likewise sue alone for alienation of her husband's affections, or for assault upon her person committed jointly by her husband and a third party. Evans v. Ball, Tex.Civ.App., 6 S.W.2d 180. But such rights to sue alone appear to be grounded on the proposition that in such case the interests of the husband himself are antagonistic to her own. We think there can be no doubt but that in case the husband should undertake to bring a woman into the household for immoral purposes, or for illicit relationship with himself, the wife, in order to protect the peaceable enjoyment of her homestead, would have the right to eject such person by suit, if necessary, without the joinder of her husband, though no such case has been cited to us, nor have we found any. After a discussion of the instances in which the wife is authorized to sue alone in protecting homestead rights, Judge Speer, in his Law of Marital Rights, 3d Ed., § 517, p. 636, says: "The author ventures to suggest another instance in which the wife alone might sue concerning the homestead. It is for her damages per-

sonally for being wrongfully deprived of its possession or enjoyment, as distinguished from an injury to the property itself."

Nowhere in her petition did the wife charge any misconduct on the part of her husband toward her; nor any mismanagement by him of the community homestead; nor any purpose or intention on his part to bring insults or hardships upon her; nor any failure to support; in brief, any ground which would authorize her to take as against him control and management of the community property. It is true, she did allege, in effect, that he was senile or mentally incompetent to manage such property, and not competent to realize the misconduct of their daughter and its affect upon the plaintiff. But such allegations appear to have been abandoned upon the trial. On the other hand, in his answer, he charged that her suit was for the purpose, in conjunction with a conspiracy between her and their sons who were living on the premises, to take from him the management and control of the premises. Manifestly, in so far as her action in trespass to try title to recover community property, she was not authorized to bring such suit alone. But as no issue as to title was made, this probably becomes immaterial.

The evidence as to the conduct of Minnie Crowder was in several respects conflicting, but it is not controverted that she was guilty of using vile, profane, and insulting language and opprobrious epithets toward her mother, and of drunkenness on the premises. There was evidence to the effect that all the members of the family, including both the father and mother, were guilty of the use of intoxicating liquor, profanity, and occasional family fights. It may be admitted that the language and conduct of Minnie Crowder was calculated to, and did, interfere with the peaceable enjoyment by her mother of the homestead. But the question presented is whether, under the facts and circumstances, the plaintiff, Mollie Crowder, has shown a legal right, against her husband's wishes, to bring this suit and eject their daughter, though no longer entitled to shelter under the parental roof, from the premises, as against the husband and father's wishes, who insists that her presence there, in spite of her shortcomings and disreputable conduct, was necessary to care for him and administer to his wants. In brief, to his proper care and to his own beneficial use and enjoyment of the homestead.

We shall not undertake to discuss nor analyze the numerous cases cited by the parties hereto. Appellants contend that in no event could the plaintiff maintain this suit without being joined by her husband; citing Murphy v. Coffey, 33 Tex. 508, 509, and cases following the rule there announced. It has been determined, however, that Murphy v. Coffey supra, but announces the general rule and has no application to well-recognized exceptions. See Kelley v. Whitmore, 41 Tex. 647, 648, where it is said: "So, then, in cases where, in consequence of the wrongful acts of her husband, she is forced to sue a third party, and may sue alone, or make her husband defendant." See, also, Speers Law of Marital Rights, 3d Ed. § 517, p. 635.

The general rule we gather from the authorities appears to be that before a married woman is authorized to sue concerning community property, without being joined by her husband, she must show that her husband, though he refuses to join her, is at fault in his management and control of such property, or that he has abandoned her, or that his management and control were antagonistic to her homestead rights. And even when living apart from her husband, it has been held that before she can assert such right alone, she must show that she was not responsible for such separation. Ezell v. Dodson, 60 Tex. 331; Dority v. Dority, 96 Tex. 215, 71 S.W. 950, 60 L.R.A. 941; Davis v. Davis, Tex.Civ.App., 186 S. W. 775. And where she continues to live with her husband, makes no charges in her pleadings of misconduct against him, but on the other hand he as defendant pleads that the obnoxious conditions and conduct of which she complains as denying her the peaceable enjoyment of their common homestead were brought about by her own misconduct, clearly we think an issue was made as to her right to sue alone. If Mollie Crowder were at fault in provoking the deplorable language and conduct of her daughter toward her, she was in no position to assert a right to sue alone, contrary to the desire of her husband, without showing that he were at fault in causing them. While the evidence was amply sufficient to sustain a verdict against Minnie Crowder in this regard, she testified that her mother precipitated all of their quarrels, encouraged the sons in abuse of their father, and first called her vile names, drank intoxicants, and mistreated her and her father habitually. And J. J. Crowder, her husband, also testified

1164

that his wife, Mollie Crowder, the plaintiff herein, was always to blame for the trouble she had with her daughter; that they had reared three girls, and that their mother had fought with all of them. This evidence was sufficient, we think, to go to the jury on the issue as to whether Mollie Crowder herself brought about the obnoxious conduct of Minnie Crowder, of which she complained. If she were, she was not, under the authorities as we construe them, entitled to bring suit alone, and thus in effect, by her own acts and without charging willful misconduct against her husband, take the control and management of the homestead in that regard into her own hands.

We confess that the record in this case shows conduct on the part of Minnie Crowder repulsive to every sense of decency. But the other members of the family do not appear to have been paragons of all the virtues of cultured society. We are not here concerned with the standards of living of the parties, but with the application of a proper legal rule to facts presented.

For the reasons stated, the judgment of the trial court will be reversed, the injunction dissolved, and the cause remanded.

Reversed and remanded; injunction dissolved.