LUCAS et al. v. DALLAS COUNTY.

No. 12828.

Court of Civil Appeals of Texas. Dallas.

Feb. 17, 1940.

Rehearing Denied March 16, 1940.

W. R. Herring, of Dallas, for appellants.

E. G. Moseley and Harold McCracken, both of Dallas, for appellee.

LOONEY, Justice.

The court below sustaining a plea in abatement to appellants' suit, dismissed same, resulting in this appeal. The nature of the suit and the facts giving rise to same, are these: Parker V. Lucas and his wife, Esther Lucas, owned 88 and a fraction acres of land in Dallas County, being community property and their homestead. Dallas County, needing 8.64 acres of the land for public road purposes, instituted condemnation proceedings against Mr. Lucas; these proceedings resulted in judgment in favor of the County, vesting title for road purposes, and awarded Mr. Lucas the sum of $864.68 damages, which was paid into the registry of the court, and was received by him, thus bringing the condemnation proceedings to a close. Soon thereafter, Mrs. Esther Lucas brought this action against the County to recover the premises involved, and for damages, alleging that her husband (Parker V. Lucas) had refused to join her in the suit, or in any suit or action in this or any other court to recover for plaintiff her title and possession to said premises, and for damages, praying that she be accorded permission to prosecute the suit without the joinder of her husband.

The events immediately following, as detailed in appellants' brief, are substantially that, the defendant urged a plea in abatement on the ground that, being a married woman, plaintiff could not sue alone, which plea would have been sustained but for the request by plaintiff's counsel for time to induce Mr. Lucas to join his wife as a plaintiff. Afterwards, on Feb. 15, 1938, Mr. Lucas intervened and filed a pleading, the significant allegations of which, showing the capacity in which and the purpose for which he entered the suit, are these: "This plaintiff (Parker V. Lucas) represents to the court that in joining his wife as a party plaintiff herein he does not seek or demand the recovery for himself, for his own individual use or benefit, the title and possession of the described realty or other rights, titles, interest or homestead rights, whether same be separate or community property and rights; that he joins his wife as a party plaintiff in order by legal action to recover for her all of her rights, titles, interests, homestead rights and title and possession of the described land, whether same be a part of her community property or in the alternative a part of her separate property and rights".

In its first amended answer, filed March 30, 1938, appellee urged, among other defenses, a plea in abatement in three paragraphs, the cumulative effect of the allegations being that, the suit was for the recovery of community property, hence could not be maintained by the wife alone (absent exceptional situations authorizing same), and that, the pleading filed by Mr. Lucas did not cure the defect, in that, he sought to make himself a pro forma party simply, and not an active litigant seeking recovery; and furthermore that the matters sought to be litigated were res adjudicata, having been definitely and finally settled in the condemnation suit.

In its ruling, the court seems to have treated each paragraph as a separate plea in abatement; overruling paragraphs 1 and 2, but sustained paragraph 3, and dismissed the suit. We do not think appellee's answer presented three separate pleas in abatement, but only one, each paragraph constituting an element of the plea. However, the fact that the court gave a wrong reason for a correct ruling does not vitiate the same.

Appellants present only one assignment of error, complaining of the action of the court in sustaining appellee's plea in abatement (No. 3) and in dismissing the suit. Appellee cross-assigns error, because the court did not sustain the plea, for the additional reason that, as Mr. Lucas was not the real, but a mere pro forma party plaintiff, disclaiming any right in himself to recover, Mrs. Lucas being the sole active litigant, could not maintain the suit. These questions will be considered together. In the discussion, counsel for both sides have wandered far afield from the only question

involved,—that of abatement—and discussed, ably and thoroughly, issues that doubtless would have been involved had the case been tried on its merits.

As we view the case, the decision pivots on the status in the present suit of Mr. Parker V. Lucas; that is, whether, in view of the pleading filed by him, he is to be regarded a real, active, militant litigant, or simply a nominal or pro forma plaintiff. We think it obvious that, no judgment could be rendered in his favor on the pleading filed, in view of the allegations that, "he does not seek or demand the recovery for himself, for his own individual use or benefit, the title and possession of the described realty or other rights, titles, interests or homestead rights", etc., and "that he joins his wife as a party plaintiff in order by legal action to recover for her all of her rights", etc., homestead or otherwise.

It is well settled in this state that, the wife cannot maintain a suit for the recovery of community property (except under circumstances absent here), hence, we think, the plea in abatement was correctly sustained, if, notwithstanding the pleading filed by Mr. Lucas, she remained the sole active, militant plaintiff in the case. It is clear from a reading of Mr. Lucas' pleading that he did not intend to become an active litigant, representing and suing for the benefit of the community estate, of which he is the head, but, obviously, entered the suit pro forma, for the purpose of technically clothing his wife with authority to maintain the suit in her own right. Being ineligible to maintain the suit alone, we do not think it was within the power of Mr. Lucas, by virtue of the formal pleading filed, to clothe his wife with eligibility, denied under the rules of law, to maintain the suit.

We can readily understand why, after all issues involved in the present suit had been finally adjudicated in the condemnation proceedings, and after receiving the amount awarded to him, that Mr. Lucas would refuse to sponsor the present suit as an active litigant, which, in the last analysis, repudiates and collaterally attacks the judgment rendered in the condemnation proceedings. Although joining as nominal plaintiff in order, as alleged, "by legal action to recover for her all of her rights", etc., we do not think the case was taken from under the general rule that forbids the wife to maintain a suit for the recovery of community property.

A pro forma party can neither recover, if a plaintiff, nor be cast in the suit, if a defendant. See Avenel v. Iskovitz, et al., Tex.Civ.App., 60 S.W.2d 895; Crowder v. Crowder, Tex.Civ.App., 111 S.W.2d 1161; Fairbanks v. Hayes-Sammons Hardware Co., Tex.Civ.App., 55 S.W.2d 591; Hill v. Kelsey, Tex.Civ.App., 89 S.W.2d 1017; Rhodes v. Taliaferro, Tex.Civ.App., 119 S.W.2d 703.

We are of opinion, therefore, that the court did not err in abating the suit, hence affirm its judgment.

Affirmed.

### On Rehearing.

Appellants seem to be apprehensive that, if another suit should be instituted, based upon the cause of action involved in the instant case, they could be defeated by a plea of res adjudicata, based upon the judgment of the trial court and of this Court affirming same. We do not think so. It is perfectly obvious that, neither the court below nor this Court did more than sustain appellee's plea in abatement; the case on the merits was neither reached nor adjudicated. However, in view of the record disclosures, appellants will likely be met by a plea of res adjudicata, based, not upon the judgment in the instant case, but upon the prior condemnation proceedings.

We have duly considered the motion for rehearing urged by appellants, but, failing to find any reason for changing our decision, the motion is overruled.