## ROBERTS et al. v. MAGNOLIA PETROLEUM CO. et al.

### No. 3676.

Court of Civil Appeals of Texas. Beaumont.

June 17, 1940.

Rehearing Denied July 3, 1940.

Leake, Henry & Young and H. M. Stanfield, all of Dallas, and Phillips, Williamson & Smith, of Tyler, for appellants.

J. W. Hassell, Jr., Walace Hawkins, and Roy C. Ledbetter, all of Dallas, for appellees.

O'QUINN, Justice.

This is an action to recover damages for personal injuries by Elizabeth Roberts, joined "pro forma" by her husband, Ham Roberts, residents of the State of Oklahoma, against the Magnolia Petroleum Company, a Texas corporation domiciled at Dallas, Texas, and J. R. Lanius, who resided at Dallas, Texas, filed in the 101st district court of Dallas County, Texas, arising out of an automobile collision which occurred in the State of Oklahoma on September 1, 1935, between an automobile in which Elizabeth Roberts was riding, operated by her husband, Ham Roberts, and the automobile of J. R. Lanius, an employee of the Magnolia Petroleum Company, in which accident Elizabeth Roberts received personal injuries.

Plaintiffs' original petition was filed August 19, 1937, naming Elizabeth Roberts plaintiff, joined "pro forma" by her husband, Ham Roberts. They filed their First Amended Original Petition on September 22, 1939, still designating Elizabeth Roberts as plaintiff, joined "pro forma" by her husband, Ham Roberts, and alleged that she received serious personal injuries in a collision between an automobile driven by J. R. Lanius and an automobile driven by her husband in which she was riding. That the collision was occasioned by the negligent acts of Lanius, who was at the time of the collision an agent and employee of the Magnolia Petroleum Company, and then in the discharge of the duties he owed to his master. The negligent acts charged against Lanius were:

(1) Negligence in failing to keep a proper lookout;

(2) Negligence in failing to keep his car under proper control;

(3) Negligence in operating his car on the wrong side of the highway, that is to the left of the center of the pavement;

(4) Negligence in operating his car while he was in a drowsy and sleepy condition, caused by having gone for an unreasonable time without rest and sleep thereby rendering himself and his car a dangerous instrumentality on a public highway;

(5) Negligence in operating his car at a dangerous and excessive rate of speed.

She alleged that she suffered damages in the sum of $10,000 and prayed that she have judgment for said sum, and such other and further relief, general and special, as "she may show herself justly entitled."

Defendant Lanius answered by general demurrer, general denial, and specially that on September 3, 1935, he had compromised, adjusted and settled with Ham Roberts, husband of plaintiff Elizabeth Roberts, for all damages, claims, and demands whatever growing out of the collision, and had fully paid off and discharged same to and with said Ham Roberts, whereby he was fully acquitted and discharged from any and all liability whatsoever growing out of said collision, and also plead the two and four years' statutes of limitation in bar of plaintiff's suit.

The defendant Magnolia Petroleum Company answered by general demurrer, general denial, and specially that its codefendant Lanius had on September 3, 1935, fully settled with and paid to Ham Roberts, husband of Elizabeth Roberts, the sum of $207 in full discharge of any and all claims growing out of said collision, and for which said Roberts executed to said Lanius his written release from any and all claims, or demands for damages arising out of or occasioned by said collision, wherefore plaintiff was not entitled to judgment. It also plead the two and four years' statutes of limitation against plaintiff's right to recover.

By supplemental petition, plaintiffs replied to the answers of the defendants, that they were residents of the State of Oklahoma, and that the release executed by Ham Roberts was executed in the State of Oklahoma and was signed only by Ham Roberts, and that under the laws of the State of Oklahoma the husband was without the power to execute a release of a cause of action belonging to the wife, wherefore the release executed by Ham Roberts of any claim of Elizabeth Roberts by reason of the collision was void and of no legal effect.

The case was tried to the court with a jury, but at the conclusion of the plaintiffs' evidence, the court granted the motions of the defendants, and instructed a verdict in their favor, which was returned and judgment entered that plaintiffs take nothing by their suit and that the defendants go hence without day with their costs of suit. We have the case on appeal.

The collision occurred on Sunday, September 1, 1935, at about 4:30 in the afternoon, near Cedarvale, Oklahoma. The collision was between an automobile occupied by Ham Roberts and his wife, Elizabeth Roberts, driven by Ham Roberts, and a Ford V-8 automobile owned and operated by J. R. Lanius. At the time Lanius was on his way from his home in Dallas, Texas, to Sulphur, Oklahoma, to spend Sunday and Monday, it being Labor Day and a holiday, with friends. He was an employee of the Magnolia Petroleum Company. He had no business to be transacted for his employer at Sulphur, but was just finishing his summer vacation, and on his own initiative was making the trip to Sulphur for his individual pleasure. Lanius had been instructed by his employer, the Magnolia Petroleum Company, in Dallas, Texas, to go by railroad to Oklahoma City on Tuesday, September 3, 1935, to look after some business of his employer. Because Labor Day, Monday 2nd, had been declared a holiday by the Magnolia Petroleum Company, and having Sunday, making two holidays in succession, he decided to leave Dallas and go to Sulphur to spend these two days, and then to go in his automobile to Oklahoma City on Tuesday to resume work for his employer. For some time prior to this Lanius had travelled in his own car when visiting places in his work for his employer for which it allowed him compensation for the use of his car. This method of travel had been changed and by written instructions he was directed by his employer to thereafter travel by train and not by automobile. That was his instructions on this occasion. That Lanius was not going to Sulphur on any business of his master, but was going wholly for his own pleasure, was not questioned. The facts above are without dispute.

█ It appearing by the undisputed evidence that at the time of the collision Lanius was not engaged in the performance of any business for his employer, the Magnolia Petroleum Company, but that he was going in his own car to Sulphur, Oklahoma, on a pleasure trip, and would spend Sunday and Monday, September 1st, and 2nd, visiting friends, and not until Tuesday, the 3rd, would he go to Oklahoma City to attend to the business of his employer, the Magnolia Petroleum Company was not liable for the negligent tort of Lanius in colliding with the automobile of appellants, and so the instructed verdict in favor of

said company was correct. Murphy v. Gulf Production Co., Tex.Civ.App., 299 S. W. 295, writ dismissed; McCoy v. Beach-Wittman Co., Tex.Civ.App., 22 S.W.2d 714, writ dismissed. Moreover, if it could be said that Lanius was at the time of the collision in the performance of any duty he owed to his employer, still no liability attached to his employer because Lanius, against the positive written instructions of the Magnolia Petroleum Company, was using his own automobile in travelling when he had been instructed to go by train. An employer cannot be held liable under the doctrine of respondeat superior for personal injuries inflicted by an employee while engaged in unnecessarily driving his own automobile upon the master's business, without the latter's knowledge or express or implied authorization. Kennedy v. American National Ins. Co., 130 Tex. 155, 107 S.W.2d 364, 112 A.L.R. 916; 5 Am. Jur., Sec. 393, pp. 728, 729.

█ We think the instructed verdict in favor of the defendant Lanius was also correct. Plaintiffs' original petition sued for damages for alleged personal injuries to Elizabeth Roberts, the wife of Ham Roberts, joining her husband, Ham Roberts, as plaintiff "pro forma," and closed her petition with a prayer that "she have judgment" for the damages alleged. Plaintiffs filed their first amended original petition on September 22, 1939, more than four years after the accident. This petition also joined Ham Roberts as "pro forma" plaintiff. Lanius filed his answer setting up settlement with and discharge by Ham Roberts of all damages, claims or demands growing out of the collision, on September 18, 1937, more than two years before the amended petition was filed. In Texas, by well-settled law, damages to a married woman for personal injuries are community property. Teague v. Fairchild, Tex. Com.App., 15 S.W.2d 585, 588; Houston Gas & Fuel Co. v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086; Northern Texas Traction Co. v. Hill, Tex.Civ.App., 297 S.W. 778, writ refused. For such damages the husband may sue alone. Here the suit was brought by Mrs. Elizabeth Roberts, the wife, making her husband, Ham Roberts, plaintiff "pro forma." It is equally as well settled that a person merely joined "pro forma" is not a real party at interest in the litigation. Yellow Cab & Baggage Co. v. Smith, Tex.Civ.App., 30 S.W.2d 697, 698; Houston Gas & Fuel Co v. Spradlin,

Tex.Civ.App., 55 S.W.2d 1086. Mrs. Roberts being a married woman could not maintain the suit without her husband being a real party plaintiff to the suit, merely being joined "pro forma" was not sufficient. She did not allege that her husband had refused to become a real litigant or party plaintiff—no allegation of why he was joined merely "pro forma" as plaintiff. Hill v. Kelsey, Tex.Civ.App., 89 S.W. 2d 1017, writ dismissed; Rhodes v. Taliaferro, Tex.Civ.App., 119 S.W.2d 703; Houston Gas & Fuel Co. v. Spradlin, Tex. Civ.App., 55 S.W.2d 1086; Yellow Cab & Baggage Co. v. Smith, Tex.Civ.App., 30 S.W.2d 697; Avenel v. Iskovitz, Tex.Civ. App., 60 S.W.2d 895.

From what we have said it follows that the judgment should be affirmed, and it is so ordered.

Affirmed.