**PACIFIC GREYHOUND LINES, Inc. v.
TUCK et ux.**

No. 4610.

Court of Civil Appeals of Texas. El Paso.
Dec. 15, 1948.

Rehearing Denied Jan. 5, 1949.

J. C. Brooke, of El Paso, for appellant.

A. L. Carlton and D. J. Smith, both of El Paso, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of El Paso County, 65th Judicial District. The trial was before the court. On the verdict returned judgment was rendered that plaintiff, C. W. Tuck, recover of and from the defendant, Pacific Greyhound Lines, Inc., the sum of $1,000. The defendant has perfected this appeal. The only point of error urged is that the trial court erred in overruling a special exception to plaintiff's petition urging the Statute of Limitations as a defense.

Plaintiff, by his amended petition upon which the case was tried, sought to recover damages for personal injuries alleged to have been inflicted on his wife by the negligence of defendant while she was a passenger in one of defendant's coaches. It is conceded by all parties the accident by

which plaintiff's wife was injured occurred on March 25, 1946. Viola Tuck, joined by her husband, filed suit on March 19, 1948, seeking to recover damages for her personal injury alleged to have been inflicted through the negligence of defendant on or about March 25, 1946. Her husband is re-cited to be joined pro forma, the petition uses the term throughout. Plaintiff is in the singular. On the 4th day of May, 1948, Viola Tuck filed her first amended original petition. It recites "Viola Tuck joined herein by her husband files this her first amended original petition." In the body of the petition it refers to Viola Tuck as plaintiff; the prayer for damages is by the plaintiff (Viola Tuck). On May 6, 1948, plaintiff C. W. Tuck filed a third amended original petition. This petition dropped Viola Tuck as a party plaintiff. The amendment was no doubt made in response to the ruling of the trial court on certain special exceptions interposed by the defendant. The exceptions in substance challenged the right of Viola Tuck to main-tain the suit for her personal injuries, the damages being community property.

The, original petition, the amended peti-tions all relied on the same transaction and there is no variance as to the facts. The position of defendant appellant is that un-til the third amended petition was filed there was no cause of action stated because only C. W. Tuck was entitled to recover for personal injuries to his wife, and that instituting and maintaining same in her name, her husband, C. W. Tuck, being join-ed pro forma was not sufficient to interrupt the Statute of Limitations.

Beyond any question more than two years intervened between the accident, the basis of the action, and the filing by C. W. Tuck of the third amended original petition. If this was the institution of the suit the cause of action is barred by Sub-Section 6 of Art. 5526, Revised Statutes of 1925. This being disclosed by plaintiff's petition, defendant's special exception on demurrer urging the two years Statute should have been sus-tained.

█ It is very well established that damages for personal injuries to a wife are community property. In an action to re-cover same the wife is neither a proper nor a necessary party. Roberts v. Magnolia Petroleum Co., Tex.Civ.App., 142 S.W.2d 315.

There are exceptions to this rule; it does not hold true where a husband has de-serted the wife and refuses to sue. No such exceptional case is presented here. In this case even though it be conceded that until the third amended original petition was filed that the husband was only joined pro forma, that such jointure was with his consent appears beyond question. If the suit had proceeded to judgment with the pleadings in that condition a recovery in favor of the wife would have barred the husband. Southern Pacific Co. v. Ulmer, Tex.Com.App., 286 S.W. 193.

A petition filed by the wife to recover for her personal injuries in which she joins her husband pro forma states a cause of action. Houston Electric. Co. v. Potter, Tex.Civ.App., 51 S.W.2d 754.

█ The same evidence would have sustained a recovery on the cause of action urged in any of the various pleadings of plaintiffs. The legal effect of the filing of the third amended original petition was to change the capacity of the husband from a formal party to a real party in interest.

Art. 5539b, Vernon's Ann.Civ.St., is as follows: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or de-fense, and at the time of filing such plead-ing such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amend-ment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, pro-vided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occur-rence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon ap-plication of the opposite party, the court may postpone or continue the case as justice may require."

As to whether or not the petition stated a cause of action is not important. A petition failing to state a cause of action may be sufficient to interrupt the running of the Statute. 7 Tex.Jur. 10 year Sup., p. 94, par 96.

Here the facts stated disclose at all times a cause of action in favor of the husband who, however, up to the time of the filing of the third amended original petition was only a party pro forma. The only change made by the amended pleading was to change the husband from a pro forma party to the sole party in interest.

■ Where the husband is joined pro forma in the petition by his wife to recover community property he is the real party in interest, and the filing of the suit interrupts the running of limitations against his cause of action. Gulf, C. & S. F. Ry. Co. v. Jones, 3 Wilson Civ.Cas., Ct.App. § 21, P. 39.

■ The case of Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008, is deemed conclusive here. Where a husband joins or is joined pro forma with his wife the judgment is binding on him. The joining of a party pro forma must have some purport or some legal effect. As held by the Supreme Court in Wade v. Wade, supra, Art. 1983 authorizes the husband to sue alone or jointly with his wife for her separate property. If joining him pro forma in such a suit meets the requirements of Article 1983 as held in Wade v. Wade, supra, where the suit is for community property, this joining pro forma must by force of logic be held to show a cause of action. It is fruitless to labor the matter further. There can be no doubt but that the filing of the suit interrupted the running of the Statute of Limitations.

The judgment of the trial court overruling the special demurrer urging the two year Statute of Limitations was in all things correct and it is ordered that the judgment of the trial court be in all things affirmed.

On Motion for Rehearing.

A careful and painstaking consideration has been given to appellant's motion for a rehearing, and we still feel constrained to adhere to the views expressed in the original opinion. In the case of Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008, 1010, which was largely relied upon in the disposition made, we should perhaps have stated that Chief Justice Alexander, writing the opinion for the court, stated: "It should be noted that we are not here dealing with the question as to whether a husband who joins 'pro forma' with his wife in a suit to recover community property, is properly before the court. That question is reserved for future consideration."

It is thought that the case of Southern Pac. Co. v. Ulmer, Tex.Com.App., 286 S.W. 193, is conclusive that had the suit proceeded to judgment with the husband as a party pro forma same would have been binding upon him.

In our opinion our disposition of this case in no way conflicts with the case of Roberts v. Magnolia Petroleum Co., et al., Tex.Civ.App., 142 S.W.2d 315; Id., 135 Tex. 289, 143 S.W.2d 79. In that case the judgment of the trial court as to Magnolia Petroleum Company was affirmed, not on the grounds that the cause of action asserted against it was barred by limitation, but because no cause of action was proven against it. The husband had set up his cause of action against the alleged agent of the Magnolia. This being the case, the wife having no cause of action, the judgment was properly affirmed. However, it does not appear on just what grounds the court affirmed the judgment in favor of Lanius, the alleged agent of Magnolia Petroleum Company. Absent fraud, the release of the husband for a valuable consideration extinguished his cause of action.

It is ordered that the motion for rehearing be in all things overruled.