## ROYAL FINANCE CO. v. WARREN.
### No. 3016.

Court of Civil Appeals of Texas. Waco.

April 10, 1952.

248

Clinton W. Breeding, Waco, for appellant.

Watson C. Arnold, Waco, for appellee.

TIREY, Justice.

This is a suit for damages based on breach of an oral contract for employment.

The jury in its verdict found substantially that defendant employed plaintiff's wife for a full period of ninety days; that plaintiff's wife by the exercise of ordinary care could not have acquired other suitable employment during the ninety days beginning on the 28th day of November, 1950; that she did not fail to exercise ordinary care to procure other suitable employment during said ninety day period, and that she was not negligent in not applying for other employment during said ninety day period, and prior to the time she began working for Central Freight Lines of Waco on the first of January, 1951; that the damages sustained by the plaintiff were not the proximate result of his wife's failure to seek and apply for gainful employment immediately after she had notice that the defendant did not desire her services. In the judgment we find this recital: "Which findings were received by the court and were filed and entered of record and on the minutes of such court; whereupon the plaintiff having made, and the court having duly heard and considered, a motion for judgment, and such additional consideration and findings as were authorized by law having been had and made, and the court being of the opinion that judgment should be rendered as follows for the plaintiff" decreed "that the said plaintiff George W. Warren do have and recover from the said defendant, Royal Finance Company, the sum of $281.75" and legal interest. Defendant seasonably filed motion for new trial, which was overruled, and thereafter perfected his appeal to this court.

Appellant has assailed the judgment of the court on five points. We think they present substantially one point and that is that the pleadings are insufficient to support a judgment in favor of George W. Warren. A statement is necessary.

Plaintiff George W. Warren went to trial on his original petition. He alleged substantially that he was suing for his wife Jennie Ruth Warren because the Royal Finance Company, acting through its authorized agent, breached its oral contract of employment with his wife; that on the 20th of November, 1950, she went to the office of the defendant and that she entered into an oral agreement to begin work for defendant for a period of ninety days at the rate of $140 per month and that under the terms of the contract she would begin on the 28th of November, 1950, and that her salary would begin on that day and extend for a period of ninety days, payable every two weeks, the rate of pay being $140 per month; that the said ninety day period was a trial period; that his wife gave notice to the Texas Life Insurance Company, her employer, that she would, on November 20, 1950, quit one week from that date, to wit, November 28, 1950; that her employer, Texas Life Insurance Company, made arrangements to hire another girl to take his wife's place and that his wife spent one week preceding her termination of employment with the Texas Life Insurance Company teaching and showing her successor how to do and perform her tasks with the Texas Life Insurance Company; that on the 24th of No-

vember, 1950, defendant notified his wife that they would be unable to employ her and that she had better return to her former job; that inasmuch as she had resigned her position and the Texas Life Insurance Company had employed another person to take her job she was without employment beginning November 28, 1950, and that she was unable to find employment for a period of ninety days after the breach of such oral contract. The prayer in the petition is: "Wherefore, Jennie Ruth Warren, prays that defendant be cited to appear and answer in said cause, that she receive judgment for $320 in wages lost, for the $71 bonus which she lost, and for the sum of $100 attorney's fees, and for such other and further relief, general and special, in law and in equity, to which she may show herself justly entitled."

◼ Appellee's attorney stated in open court that appellee waived the bonus and attorney's fees and no complaint is made as to the amount of the judgment awarded. It is appellant's contention here that this cause should be reversed and remanded because the pleadings are insufficient to support the judgment entered and he relies on the following cases: Hill v. Kelsey, Tex.Civ.App., 89 S.W.2d 1017; Houston Gas & Fuel Co. v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086; Rhodes v. Taliaferro, Tex.Civ.App., 119 S.W.2d 703; Roberts v. Magnolia Petroleum Co., Tex.Civ.App., 142 S.W.2d 315, writ ref. per curiam opinion 135 Tex. 289, 143 S.W.2d 79. These cases hold in effect that damages to a married woman for personal injuries are community property and that for such damages the husband may sue alone. In the case at bar George W. Warren brought this suit as plaintiff and sued for the damages that accrued to his wife by virtue of the defendant's breach of an oral contract as to her employment. Mrs. Warren does not appear in the pleading as a party plaintiff by designation. It is true that the prayer in the petition is in behalf of Jennie Ruth Warren, but appellant made no exception to the prayer in the petition. The defendant did except to the plaintiff's original petition on two grounds. The first exception was directed to paragraphs 2 and 3 in which defendant said that the petition was not sufficient in law because it failed to state a cause of action and asked the court to enter an order of dismissal. The second exception was directed to paragraph 5 which asked for a bonus, but since plaintiff waived the right to a bonus this complaint passed out of the case. The nature of the action is not determined by the prayer. See Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930, pt. 6.

◼ As before stated, there was no exception directed to the prayer and the judgment was entered in behalf of the husband who was designated as the plaintiff in the original petition. This we believe distinguishes the case at bar from the cases relied upon by appellant. Moreover, Rule 90, Texas Rules of Civil Procedure, provides:

"General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered."

This rule is applicable here. This court in City of Waco v. Teague, Tex.Civ.App., 168 S.W.2d 521, points 8 and 9, announced a general rule to the effect that it is the duty of our courts to place such construction on the new rules as to do substantial justice, and since appellant did not point out the defect in the prayer, as we think it was his duty to do under the provisions of Rule 90, supra, and since judgment was entered in behalf of the plaintiff Warren and not his wife, it is our view that appellant's contentions as to the insufficiency of the pleadings must be overruled. This view we think is in accord with the pronouncement of our Supreme Court in Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008, 1009, where we find this statement of the rule: "The test to be applied in determining whether or not there was a sufficient joinder of all necessary parties plaintiff is whether the judgment, if it had been favorable to the defendant, would

have protected the defendant under a plea of res judicata against a subsequent suit involving the same subject matter." It is obvious that under the application of this rule the defendant would have been adequately and fully protected if judgment had been in its favor against the plaintiff here, and by reason thereof each of appellant's points is overruled.

Accordingly, the judgment of the trial court is affirmed.

LESTER, C. J., took no part in the consideration and disposition of this case.