Raymond Earl PEARSON, Appellant,

v.

Edgar HENDERSON, Appellee.

No. 15138.

Court of Civil Appeals of Texas.

Houston (1st Dist.)

Dec. 7, 1967.

Fulbright, Crooker, Freeman, Bates & Jaworski, Dan L. Matthews, Houston, for appellant.

Tynes, Turk, Michalek & Filer, Paul D. Filer, Jr., Houston, for appellee.

PEDEN, Justice.

This is a suit for personal injuries arising out of an automobile collision which occurred on May 8, 1963 between an automobile driven by appellant, Raymond Earl Pearson, and owned by Traders Oil Company of Houston, and an automobile in which Mrs. Lucy Bee Henderson was riding as a passenger. Prior to the trial of this cause, Plaintiffs' First Amended Original Petition was filed naming as plaintiffs Lucy Bee Henderson, "joined pro forma by her husband, Edgar Henderson," Amanda Miles and Arvelia Butler. This case was called for trial on November 14,

1966 and the court sitting without a jury found in favor of all plaintiffs against appellant, Raymond Earl Pearson. Judgment was rendered in favor of Traders Oil Company of Houston against all plaintiffs.

This appeal is taken from only so much of the judgment as awards damages in favor of Edgar Henderson and wife, Lucy Bee Henderson, against the appellant, Raymond Earl Pearson.

At the conclusion of the evidence, plaintiffs, Edgar Henderson and Lucy Bee Henderson, through their attorney requested leave to file a trial amendment in order that Plaintiffs' First Amended Original Petition should be amended to begin; "Now comes Edgar Henderson maintaining this cause of action for personal injuries sustained by his wife, Lucy Bee Henderson." Said trial amendment was granted by the trial court.

Appellant objected to the trial amendment of the plaintiff on the ground that limitation had barred any cause of action not asserted in the original suit. The trial court granted appellant leave to file a trial amendment raising the statute of limitations.

Thereafter the trial court entered judgment in this cause in favor of Edgar Henderson as manager of the community estate of himself and his wife, Lucy Bee Henderson, in the sum of $2,250.00 against defendant, Raymond Earl Pearson.

The first amended original petition, filed in February, 1965, began: "Now comes Lucy Bee Henderson, joined pro forma by her husband, Edgar Henderson," etc., and in paragraph I it alleged: "Your Plaintiffs are resident citizens of Cass County, Texas. At all times material hereto, Plaintiffs, Lucy Bee Henderson and Edgar Henderson, were and are husband and wife, with your Plaintiff Edgar Henderson maintaining this cause of action for personal injuries sustained by his wife, Lucy Bee Henderson," etc. Paragraph IV states: "Your Plaintiffs, Lucy Bee Henderson and Edgar Henderson would show

that the collision made the basis of this suit was the proximate cause of injuries and damages to your Plaintiff, Lucy Bee Henderson, in the just and reasonable sum of $27,500.00, for which sum they here now sue," etc. The prayer asks: "Plaintiffs have judgment against Defendants in the just and reasonable sum of $27,500.00, as to and for the injuries sustained by Plaintiff, Lucy Bee Henderson."

Neither findings of fact nor conclusions of law were requested and none were filed. Appellant asserts that the court erred in permitting Plaintiff, Edgar Henderson, to amend his pleadings, thus changing the capacity in which he sued, more than two years after the accident in question, and that appellant's plea of limitations should have been sustained.

Although plaintiffs' first amended original petition (which was filed less than two years after the accident) states that Edgar Henderson is joined pro forma, we hold that the subsequent recitals (set out above) in such petition as to the role of Edgar Henderson show that he was a real party plaintiff and not just a pro forma plaintiff. A markedly similar problem was presented by the pleadings in Texas and Pacific Railway Co. v. Leatherman, 351 S.W.2d 633, Tex.Civ.App. (ref., n. r. e.), and the court after considering the pleadings as a whole decided that appellee (husband) was a real party plaintiff.

Appellant relies on Roberts v. Magnolia Petroleum Co., 142 S.W.2d 315, Tex.Civ. App. (writ ref., 135 Tex. 289, 143 S.W.2d 79), but in that case the husband had previously executed a release and his limited joinder as a party plaintiff in his wife's suit was accurately and consistently labeled as "pro forma".

In the case of Pacific Greyhound Lines, Inc. v. Tuck, 217 S.W.2d 699, Tex.Civ.App. (ref., n. r. e.), the appellee (husband) was joined only as a pro forma plaintiff until after the statute of limitations had run. He then filed an amended pleading to bring

suit as a real party plaintiff for his wife's personal injuries on behalf of the community estate. The court held that "where the husband is joined pro forma in the petition by his wife to recover community property he is the real party in interest, and the filing of the suit interrupts the running of limitations against his cause of action," citing Gulf, C. & S. F. Ry. Co. v. Jones, 3 Wilson Civ.Cas., Ct.App., § 21, p. 39.

It is pointed out at 35 A.L.R.2d 1238 that although the husband is the proper party to bring an action for personal injuries to a married woman in Texas, "not every infraction of this role necessitates a reversal of a judgment which, in itself, properly represents the rights of and protects all the parties litigant, including the husband and wife, and effectually settles the litigation."

For the reasons stated, neither of appellant's points presents error.

The judgment of the Trial Court is affirmed.